## LIPSCOMB v. TANNER.

1. A citizen of this State may sue the citizen of another State, served here, for a tort committed by the latter upon the personal property of the former in such other State.
2. In action by bailor against bailee to recover damages for the *detention* of personal property (the property having been delivered up before action brought), special damage cannot be recovered unless expressly alleged; and only such damages are special as do not necessarily result from the act complained of. There being no special damage alleged in this complaint, evidence of injury done to the property by a snow-storm, while it was detained by the defendant, was inadmissible.

Before WALLACE, J., Spartanburg, March, 1888.

This was an action by Albertine E. Lipscomb against H. C. Tanner. The opinion states the case.

*Messrs. Duncan & Sanders*, for appellant.

*Messrs. Thomson, Nicholls & Moore* and *J. A. Corry*, contra.

April 15, 1889.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   It seems that the plaintiff (wife of
W. S. Lipscomb) kept a hotel at Saluda, North Carolina, but that
in October, 1884, she removed to Gaffney City, South Carolina,
leaving her furniture in the house she had occupied, consisting of
beds, bedding, linen, silverware, earthenware, &c.   The property
was left in charge of the defendant, Tanner.   About January,
1885, the plaintiff sent for the property, but the defendant, upon
some matter of alleged counter-claim, refused to deliver it.   This
detention continued for 18 days.   W. S. Lipscomb, the husband
of the plaintiff, indicted the defendant in North Carolina for the
detention, but this proceeding was withdrawn upon some compro-
mise, and the property was delivered upon each party paying half
the costs.   Afterwards the plaintiff, finding the defendant in
Spartanburg, South Carolina, sued him there, claiming damages
for the enforced detention of the property.   The complaint stated
"that the defendant unlawfully detained from plaintiff certain
hotel furniture [describing it], the property of the plaintiff, of the
value of $1,500, and that by reason of such unlawful detention
the plaintiff was damaged $500," &c.

The defendant put in a general denial, and for further defence
answered, that before this action was commenced, the plaintiff
began his action in North Carolina, upon the same alleged facts,
and upon the same supposed cause of action, which was fully set-
tled and determined before this action was begun, and that plain-
tiff ought not now to be allowed to proceed any further with this
suit.

Upon the trial, a witness for the plaintiff stated that there was
a snow storm during the time the defendant withheld the pro-
perty from the plaintiff, and the beds, bedding, &c., "were all
wet and damaged by the leaking upon them to the extent of
$100."   To this testimony the defendant objected, but the objec-
tion was overruled, his honor, the judge, holding: "There is no
special damage alleged, and I do not understand that the witness
proposes to prove special damages—that there was an actual
injury inflicted on the property by the acts of the defendant; but

the plaintiff alleges here that she was injured by such unlawful detention to her damage so many dollars. Now, if there was a deterioration anywhere in the property sued for, in consequence of such detention, by means of which the plaintiff has been damaged, I am sure she can prove it, but that is all I will allow. Anything that resulted from the storm, resulted from the detention." The defendant excepted. The witness then proceeded: "There came a sort of cyclone or snow storm, and the mattresses froze plumb through," &c.

Upon the charge of the judge, the jury found for plaintiff one hundred and thirty-five dollars, and the defendant appeals upon the following grounds, alleging error:

"I. In allowing evidence to the effect that the property of the plaintiff has been damaged by leakage. II. In charging that 'plaintiff alleges that the property had been damaged by leakage in the building in which it had been stored, and that this injury had taken place after the demand was made by her about Christmas or the first of January, and had taken place between then and the time the property was delivered to her. Now, upon that state of facts or allegations, she brings her complaint and demands that, by reason of such unlawful detention of the property, plaintiff was injured.' III. In charging, 'If the property was injured in that house, and because it was in that house, and because it was kept there and detained from the owner by the defendant, then that injury resulted from the unlawful detention of the property.' IV. In refusing to charge, 'If the plaintiff and defendant settled their difference in North Carolina, in reference to the detention of the property, then the verdict must be for the defendant.' V. Because the Court of Common Pleas for Spartanburg County had no jurisdiction to hear and determine the case."

The last exception does not give the reason, nor is it stated in the argument, why the Spartanburg court had no jurisdiction to hear the case. If the intention was to make the point, that a tort as to personal property, committed in another State against a citizen of this State, is not within the jurisdiction of the courts of this State, we think it was not well taken. The alleged wrong was personal, and there being no State law upon the subject, the

action was *not local;* and when the defendant came into this State, and was regularly served with process here, we know no reason why the courts in this State have not jurisdiction to hear and determine the case.

As to the fourth exception. The Brief itself shows that the judge was asked to charge, "If the jury find that in consideration of the defendant's surrendering the property, the plaintiff agreed to discontinue all further proceedings against the defendant for the withholding of his property, then the verdict must be for the defendant." And he said, "I charge you that. You are to settle the facts. I am just giving you the legal rules."

All the other exceptions complain of error in the charge, that "If the property was injured in that house, and because it was in that house, and kept there by the defendant from the owner, then the injury resulted from the unlawful *detention* of the property." That is to say, that evidence was admissible tending to show that a "cyclone or snow storm," during the detention, caused leakage which injured the property. It is admitted that special damage cannot be proved or recovered unless it is expressly alleged. It is clear that no special damage was alleged here, and therefore the precise point is, whether the injury to the property by the snow storm was special damage under the allegation of "detention" merely. It is not always easy to determine whether damage is or is not special. The cases upon the subject are full of nice distinctions. We have seen no clearer definition or description of it than the following: "The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the unlawful act complained of: the law implies such damages. But where damages do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state the particular damage sustained in order to introduce testimony in regard to it. The rule is to avoid surprise," &c. See 5 Am. & Eng. Encycl. Law, 49, and very full notes.

Now apply this rule here. It was not an action of trespass for the recovery of the property itself, in which case the law would imply that the damage was the value of the property, unless it

happened to be a case for vindictive damages.  But the property had been delivered up, and the action was not for its recovery, nor damage to it, but for the injury resulting to the plaintiff from its "detention;" that is to say, from the inconvenience and loss, and possibly the annoyance of being deprived of the use of it for a period.  It is said, however, that if the property had been delivered to the owner, it would not have been in the house, and could not have been injured by the storm, and therefore the "detention" was the cause of all the damage, and the defendant, like all other persons, must be held responsible for all the natural consequences of his own wrongful act.  It seems to us that the question was, not whether the evidence would be admissible in support of an allegation of special damage, but whether it was upon *this complaint* admissible.  Under the rule above stated, was damage from the "snow storm or cyclone" necessarily involved in the allegation of "detention" merely, so that the evidence was no surprise to the defendant?  We do not think so; for while the snow storm was natural, it was not certain.  It might snow or it might not.  It could not be known certainly, so as to authorize the conclusion that its consequences were necessarily included as part of the damages from the "detention of the property." See *Rowand* v. *Bellinger* (3 Strob., 373), where it was held that "wherever the damages sustained have not necessarily accrued from the act complained of, and therefore are not implied by law, then the rule of pleading is, that in order to prevent surprise on defendant, the particular or special damage sustained and meant to be relied on at the trial, must in general be stated, or else evidence of that will be excluded."

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.