BATTLE CREEK VALLEY BANK V. FIRST NATIONAL BANK OF MADISON.

FILED NOVEMBER 20, 1901.  NO. 10,588.

1. **Levy of Execution:** PHYSICAL DISPOSSESSION: TRESPASS BUT FOR PROTECTION OF WRIT: EFFECTIVE LEVY. It is not essential to the levy of an execution upon chattels that there should be a physical seizure or a dispossession of the person in whose custody the chattels are found. If the officer does that which would make him a trespasser, but for the protection of his writ, the levy is effective.

2. **A Thing Without Potential Existence Can Not Be the Subject of Mortgage.** Things which have neither an actual nor potential existence are not the subject of sale or mortgage. Within the meaning of this rule, animals which have neither been littered nor conceived are without actual or potential being.

3. **A Mortgage on a Thing Not In Esse, a Mere Executory Contract.** An instrument which assumes to convey or incumber a thing not *in esse* is a mere executory contract, which does not, "without a new intervening act," create any legal right to, or interest in, the thing to which it relates.

4. **Lien:** PROVISION IN MORTGAGE: POSSESSION: TITLE. A provision in a mortgage of domestic animals, assuming to give the mortgagee a lien upon the increase to be thereafter begotten, is nothing more than an agreement for a lien which, without possession, vests no legal right to, or interest in, such increase.

ERROR from the district court for Madison county. Tried below before ROBINSON, J. *Affirmed.*

*Robertson & Wigton,* for plaintiff in error.

*Allen & Reed,* contra.

SULLIVAN, J.

The judgment here presented for review was rendered in an action of replevin commenced before a justice of the peace and, after trial, removed by appeal to the district court. The property in controversy is twenty-two head of hogs, which the owner, Dufphy, raised upon his farm in Madison county. These hogs are claimed by the plaintiff, The Battle Creek Valley Bank, by virtue of a mortgage which it had upon their dams before they were littered or conceived. The defendant bank is a judgment creditor of Dufphy and it asserts a right of possession under an execution issued upon its judgment. The trial court found in favor of the defendant, and the only question raised by the petition in error is the sufficiency of the evidence to sustain the finding.

According to the express terms of the mortgage, the plaintiff was given a lien upon the property therein described and upon its increase. Possession was taken under the mortgage on February 2, but defendant claims the hogs were seized under its execution on the evening of February 1. One of the contentions of plaintiff is that there was not a valid levy of the writ and that, therefore, the defendant never acquired a lien or possessory right. The evidence upon this point is undisputed. It shows that the sheriff called on Dufphy at his farm and, after stating the object of his visit, told him that he would have to levy upon whatever he could find; that thereupon Dufphy pointed out some corn and cattle which were levied upon; that the sheriff then asked about the hogs, and went with Dufphy to where they were; that while standing "at the fence and edge of them" he told Dufphy that he would have to levy on them too and asked whether he could get any of the neighbors to take them and keep them for him. It further appears that a levy was indorsed upon the writ, but that the hogs were not removed until about eleven o'clock the next morning. The reason they were not removed on the evening of February 1

was that no one could be found to keep them. The sheriff informed Dufphy of this fact and added that he would leave the hogs on the farm until morning. The evidence is, in our judgment, sufficient to prove a levy. It was not necessary that the sheriff should physically seize the property or remove it from the custody of the execution defendant. It was in his immediate possession and he exercised dominion over it by virtue of the writ. What he said to Dufphy was apparently intended and understood to be an assertion of authority, and amounted, we think, to an effective seizure. In looking about for some one to take charge of the hogs and in saying to Dufphy that he would leave them on the farm until morning, the sheriff evidently acted upon the assumption that they were under his control, by virtue of what he had previously done. In *Boslow v. Shenberger,* 52 Nebr., 164, the rule by which to test a levy is thus stated: "A manual interference with chattels is not essential to a valid levy thereon. It is sufficient if the property is present and subject for the time being to the control of the officer holding the writ, and that he in express terms asserts his dominion over it by virtue of such writ." Applying this test to the facts above recited, we conclude that the levy was valid because what the sheriff did in regard to the hogs would, in our opinion, constitute a trespass if he had been acting under a void process. Having made a good levy, the sheriff was, at the commencement of the action, entitled to the possession of the hogs unless the plaintiff had on February 1 a valid lien by virtue of its mortgage. On principle, it would seem, this question should not be difficult of solution. Things which have neither an actual nor potential existence are not the subject of sale or mortgage. Benjamin, Sales, sec. 78; Jones, Chattel Mortgages, sec. 138. A grant of them can not operate *in præsenti.* An instrument which assumes to convey or incumber a thing which has not even a potential existence must be regarded as a mere executory contract. And whatever might be the status of these contracts in courts of equity where that

is considered done which ought to be done, it is well settled, both in this country and England, that they do not create any legal right to or interest in the thing to which they relate without, what is called by the old writers, "a new intervening act." The offspring of domestic animals, it is true, belong to the owner of the dam (1 Blackstone Commentaries [Book 2], 390; 2 Am. & Eng. Ency. Law [2d ed.], 349); but a chattel mortgage in this state does not transfer title to the mortgagee (*Musser v. King,* 40 Nebr., 892; *Bedford v. Van Cott,* 42 Nebr., 229; *Randall v. Persons,* 42 Nebr., 607); it only creates a lien, and consequently the young of mortgaged animals, when brought forth, belong to the mortgagor. The case of a mortgage given during gestation may, perhaps, constitute an exception to the rule, but this we do not decide. It was held in *Cole v. Kerr,* 19 Nebr., 555, that the lien of a chattel mortgage on a crop of corn not planted will not attach to the crop when it comes into existence, unless possession is taken by the mortgagee. "Until then," it is said, "it remains a mere license, and, until acted upon, it conveys neither a lien nor right of property which the mortgagee can assert against a purchaser or execution creditor." It is true, of course, as suggested Mr. Justice Cobb in the case last mentioned, that in this latitude the field will not fructify without labor. It must be diligently cultivated and seed must be sown. But it is equally true that domestic animals can not be made to breed without human endeavor. A union must be brought about between the male and the female and they must be given shelter and sustenance or they will perish. It is, indeed, too plain for argument that labor is no more a factor in raising crops than in raising live stock. But the real ground of the decision in *Cole v. Kerr* is not that a mortgage on unplanted crops is a mortgage on labor, but that the thing mortgaged has no existence and is, to use the language of Lord Bacon, "no interest at all but a mere future." *Steele v. Ashenfelter,* 40 Nebr., 770. This view of the matter is, we know, opposed

to the rule laid down by Jones and Herman (Jones, Chattel Mortgages, sec. 149; Herman, Chattel Mortgages, sec. 44); but it is fully supported by a very lucid and logical opinion recently handed down by the supreme court of California. *Shoobert v. De Motta,* 112 Cal., 215. Our conclusion upon the whole case is that the plaintiff having failed to obtain possession—having failed to secure the lien for which it had contracted—until after the levy of the execution, the defendant has the superior right, and was therefore entitled to succeed in the action.

The argument touching the jurisdiction of the court to try the cause, which is in substance an assertion that the judgment in favor of the defendant is void, is not considered, because a reversal is not claimed upon that ground. The judgment is

AFFIRMED.