HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

---

## TITTLE v. KENNEDY.

1. CLAIM AND DELIVERY.—PUNITIVE DAMAGES are not recoverable in an action in claim and delivery. *Code of Proc.*, secs. *283, 299, construed, and sec. 186a held not to change the rule as to damages in actions in claim and delivery.*

2. DEMURRER—PLEADINGS.—MOTION TO STRIKE OUT and not demurrer is the proper remedy to get rid of irrelevant allegations commingled with allegations proper to state a cause of action. *Berry v. Moore,* 69 S. C., 317, *distinguished from this case.*

3. LANDLORD AND TENANT—MORTGAGES.—A RENTER of mortgaged lands after foreclosure commenced and *lis pendens* filed, is not entitled to crop planted by him and standing on land on day of sale, but they go to the purchaser.

1—71

Before KLUGH, J., Abbeville, February, 1904.   Reversed.

Action by Julia I. Tittle against Archibald C. and Charles
L. Kennedy.   From judgment for plaintiff, defendants
appeal.   .

*Messrs. F. Barron Grier, J. B. Parks* and *Frank B. Gary,*
for appellant.   *Mr. Gary* cites: *Can punitive damages be
allowed in an action for claim and delivery of personal prop-
erty?* Code of Proc., 299 ; 170 U. S., 468 ; 20 S. C., 509.

·. *Mr. Grier* cites : *Is the purchaser of lands at foreclosure
sale entitled to growing crops against tenant of mortgagor?*
46 Am. R., 284; 4 L. R. A., 452 ; 17 L. R. A., 782 ; 27 Fed.
R., 441; 1 Cobley on Chat. Mtg., par. 371; Freem. on Ex.,
113 ; Benj. on Sales, 120 ; 34 S. C., 77 ; 2 Wash. Real Prop.,
6 ed., 126; *Ex parte Winkler,* 31 S. C. ; 46 Wis., 311; 45
Am. R., 663 ; 44 Am. R., 124; 13 Am. Dec., 665 ; 8 Am.
Dec., 663 ; *Jones* v. *Brown,* 57 S. C.

*Messrs. Graydon & Richardson,* contra, cite : *Can action
in claim and delivery and one for punitive damages be united
in one suit?* 24 Ency., 2 ed., 477; Code of Proc., 186a ; 40
S. C., 538.   *Purchaser at foreclosure sale is entitled to grow-
ing crops:* 8 S. C., 282; 31 S. C., 171.   *Verdict for posses-
sion of the "property described in the complaint" is correct:*
40 S. C., 538.

March 6, 1905.   The opinion of the Court was delivered
by

MR. JUSTICE WOODS.   The plaintiff in this action of
claim and delivery recovered the following verdict : "We find
for the plaintiff the oats described in the complaint, or their
value, which we fix at one hundred and nineteen dollars and
forty cents, and also actual and punitive damages fifty dol-
lars.

The verdict, as appears by its terms, was responsive to the
following instruction of the Circuit Judge, which was given

after stating the law on the subject of actual damages: "And in addition, under the laws of this State, if one takes or wrongfully withholds the property from another, and there are such circumstances or facts that would render the defendant liable to punitive or vindictive damages, then the owner of the property would have the right, not only to recover the value of the property, but the damages also, if the party acted in a wilful or malicious manner—wanton or a malicious disregard of the rights of the owner of the property; and that is what the plaintiff sues for here."

The exceptions as to this portion of the charge raise the important question whether punitive damages may be recovered in an action of claim and delivery. The action of claim and delivery partakes of the nature of the old action of replevin in that it contemplates the recovery of the specific property claimed when possible, and of the action of trover in that it allows the recovery of the value when delivery of the property is not possible. In the action of replevin, along with the specific property, punitive damages were recoverable, as in an action of trespass. *Lander* v. *Ware,* 1 Strob., 16; 24 A. & E. Ency. Law, 515. In actions of trover, punitive damages were uniformly denied, the recovery being limited to the value of the property, and the actual damages for its detention. *McDowell* v. *Murdock,* 1 N. & McC., 237. It would have been obviously absurd for the Court to endeavor to apply both rules in actions for claim and delivery, by allowing punitive damages as in replevin when the property could be actually delivered, and denying them as in trover when only the value could be obtained. In the effort to follow the analogies of the old practice and preserve the distinctions made between trover and replevin, it was, therefore, necessary to regard the new action of claim and delivery as more assimilated either to trover or to replevin, as distinguished the one from the other. The Supreme Court of the United States, in *Vance* v. *Vandercook,* 170 U. S., 468, 42 L. ed., 1111, after the consider-

ation of our statute relating to claim and delivery, and an elaborate review of the authorities in this State, held that the rule on this subject followed in actions of trover should govern, and, therefore, that punitive damages could not be recovered. It is true, even the views of that great tribunal are not binding on this Court in matters involving the construction of the statutes of the State, but they are entitled to the utmost respect, and should be adopted when the construction is doubtful. A careful review of the utterances of this Court on the subject tends to support the opinion expressed in *Vance* v. *Vandercook.* In *Sullivan* v. *Sullivan,* 20 S. C., 512, the Court says: "The action below was an action for the recovery of personal property and damages for its detention. It was an action in the nature of the old action of trover. It will not be denied that in actions of that kind, under the former practice (as a general rule), damages for detention beyond the property itself could be and were uniformly recovered, such damages being measured by different rules, according to the character of the property and the circumstances of each case. See case of *McDowell* v. *Murdock,* 1 Nott & McCord, *237, where the Court said: 'It has lately been determined by this Court in several cases, that a jury cannot give vindictive damages in an action of trover. The value of the property, with such damages as must necessarily be supposed to flow from the conversion, is the true measure. Such, for instance, as the work and labor of the negroes; interest on the value of dead property.' " While this precise point was not involved in *Lipscomb* v. *Tanner,* 31 S. C., 49, 9 S. E., 733, the Court seemed to regard the rules as to actions of trover applicable, for the decision as to whether evidence of special damages was admissible in an action of claim and delivery when no special damages were alleged, was based on the case of *Rowand* v. *Bellinger,* 3 Strob., 373, which was an action of trover. The decision in *Loeb* v. *Mann,* 39 S. C., 465, 18 S. E., 1, though not conclusive, seems to be based on somewhat

the same view.   The case of *Davis* v. *Childers,* 45 S. C., 133, 22 S. E., 787, cannot be regarded authority to the contrary, because, while the Circuit Judge did charge that punitive damages could be recovered in that action, which was one of claim and delivery, and this was made one of the grounds of appeal, yet the point was not alluded to in the opinion of the Court, because, as appears from the opinion, it was not one of the points relied on or even submitted in the argument.

The decision as to the construction of our statutes on the subject might be safely rested here but for an apparent variance between the provisions of sections 283 and 299 of the Code of Procedure, which we have italicized below:

"Sec. 283. In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant, by his answer, claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is enittled to a return thereof; *and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property. * * *"*

"Sec. 299. In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof, in case a delivery cannot be had, and of damages for *the detention.*   If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for *taking and withholding the same."*

It will be observed in section 299, the plaintiff is allowed damages not for the taking, but for the *detention,* while the defendant is allowed damages for the *taking and withholding,* in case the property has been taken from his possession

by the plaintiff in the *claim and delivery proceeding*. It has been held by the authorities above referred to that damages for detention merely precludes the idea of punitive damages, and, therefore, the plaintiff could not recover such damages under this section. Nor could the defendant recover such damages under section 299, because he is entitled to recover for the taking by an officer of the law under legal process, and for the withholding which would also preclude the idea of outrage by the plaintiff himself in the act of taking; and withholding is the same as detention. By a well known rule of construction, for the sake of consistency, the words "detention or taking and withholding," used in section 283, are to be interpreted and applied as in section 299. To be consistent with section 299, the provision of section 283 as to damages to the prevailing party, "sustained by reason of the detention or taking and withholding such property," must be held to mean that when the prevailing party is the plaintiff, the jury must assess the damages for the *detention*, but when the prevailing party is the defendant and the property has been taken in the claim and delivery proceedings, the jury may assess for such *taking* and for the *withholding*. As we have seen, this makes the two sections consistent, and precludes the recovery of punitive damages by either party.

The act of 1898, Code of Procedure, sec. 186a, does not affect the question, for it relates entirely to pleading and procedure—allowing different good causes of action to be jumbled together—and does not purport to enlarge the scope of the special action of claim and delivery, or to create any new kind of damages; therefore, although claim and delivery is an *ex delicto* action, yet being one in which punitive damages could not be recovered, the act of 1898 did not change the rule and allow recovery for such damages.

We conclude the Circuit Judge was in error in charging that punitive damages are recoverable in an action of claim and delivery.

The complaint contained allegations appropriate to an action for punitive damages, and the defendants, in pursuance of notice, moved to require the plaintiff "to allege and state separately the several causes of action united in said complaint, to wit: A cause of action in claim and delivery of personal property and damages for the alleged unlawful taking and detention of the same, and (2d) a cause of action for punitive damages;" and then to require the plaintiff to elect upon which cause of action she would proceed. Failing in this motion, they moved to strike out from the complaint the words "with force and arms, unlawfully, violently and in a high-handed manner," these words being the basis of the claim for punitive damages. This motion was also refused.

It is not necessary to consider the motion made to require what the defendant insists were two causes of action to be stated separately, because it follows from the conclusion that punitive damages are not recoverable in an action of this character that the allegations relating thereto should have been stricken out. The case is clearly distinguished on this question of practice from *Berry* v. *Moore,* 69 S. C., 317. There the claim for punitive damages was stated as a separate and distinct cause of action, and demurrer to that cause of action was held to be the proper remedy; here the allegations as to punitive damages are stated not as a separate cause of action, but along with the ordinary allegations in claim and delivery. "A demurrer is not generally a proper remedy for disposing of irrelevant or redundant matter contained in a pleading, but an application to strike out is the only proper remedy, since a demurrer does not lie to a part only of the allegations intended to set forth a single cause of action or defense; nor is irrelevancy, redundancy or surplusage a ground of demurrer to the pleading as a whole. On the other hand, where an entire pleading, or part of a pleading, purporting to set up a separate cause of action or defense, is wholly devoid of merit, and consists only of

irrelevant or superfluous matter, a general demurrer will lie, or the objection may be taken in some other manner proper for determining its sufficiency; but according to many authorities it may not be stricken out under a Code provision the language of which limits motions to strike out to irrelevant or redundant matter contained or inserted in a pleading which is otherwise good." 21 Ency. P. & P., 234-236. The motion to strike out should have been granted.

The remaining questions involve vitally the merits of the case. These facts seem to be undisputed. In January, 1903, the plaintiff purchased a tract of land under a decree made in an action of foreclosure brought by her against Margaret Blum, and title was duly executed to her a day or two after the sale. After the action of foreclosure had been commenced and the *lis pendens* filed, the defendants rented a portion of the land from Mrs. Blum, the mortgagor, and in the autumn of 1902 planted oats thereon. The defendants refused to rent the land from the plaintiff after her purchase, and, disregarding her claim to the oats, cut and removed them in June, 1903. The Circuit Judge charged the jury to the effect that crops planted by a tenant of the mortgagor, who rented and planted the mortgaged land after the commencement of the action for foreclosure and filing of the *lis pendens,* passed to the purchaser at the foreclosure sale. Examination of the authorities discloses a remarkable contrariety of judicial opinion as to the rights of mortgagors and their tenants and vendees to crops standing at the time of the foreclosure sale. Some hold the mortgagor should have the crops, because to hold otherwise might result in the land lying idle; other courts of high authority maintain if the crop is ready to be gathered at the time of the sale, it remains the property of the mortgagor, but if still unripe, it passes with the land; others lay down the rule that the mortgagor may not himself claim the standing crops as against the purchaser under the mortgage, yet if the mortgagor sells the crop before the sale of the land,

the sale of the crop would be a constructive severance and convey the right to it as against the purchaser of the land under the mortgage; still others holding that the purchaser under the foreclosure sale takes the standing crops as against the mortgagor and all claiming under him.

Cogent practical objections could be urged to the application of any one of these rules, and if the matter were open in this State, the whole subject would require much consideration; but the rule applicable to the facts of this case has been laid down in *Hancock* v. *Caskey,* 8 S. C., 282. It is there held that the purchaser of land at private sale takes the growing crops, unless they are reserved in the sale, and, therefore, that a party to a judicial proceeding instituted for the purpose of procuring a sale or partition cannot, as against the purchaser, have the crop planted by him growing on the land at the time of the sale, unless it was reserved. In this case, the *lis pendens* having been filed before the land was rented or the crop planted, the defendant, in renting it and planting his crop, stood in the same relation to the property and took the same risks as if he had been a party to the action. There was, therefore, no error in the charge of the Circuit Judge on this subject.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause be remanded for a new trial.