(June 30, 1926.)

T. L. STODDARD and C. E. BYRUM, Respondents, v. ALBERT PLOEGER, Appellant, and BURLEY NATIONAL BANK, Defendant.

[247 Pac. 791.]

CHATTEL MORTGAGES — AFTER-ACQUIRED PROPERTY — DESCRIPTION OF PROPERTY—CLAIM AND DELIVERY—DELIVERY BOND—EVIDENCE AS TO VALUE OF PROPERTY—GENERAL AND SPECIAL DAMAGES.

1. Under C. S., sec. 6383, purchaser at mortgage sale of property acquired by mortgagor subsequent to date of mortgage, and mortgaged to another by unrecorded mortgage, acquired no

Points Decided.

interest therein within section 6375, making unrecorded mortgages void as to subsequent purchasers.

2. Purchaser at mortgage sale under chattel mortgage not intended to cover after-acquired property may not claim property subsequently acquired by mortgagor.

3. Strictness of rule as to definiteness of description in chattel mortgage is applied only between mortgagee and attaching creditors, subsequent encumbrancers, and purchasers in good faith, for value, and not in favor of earlier mortgagee of other property, or purchaser at his sale.

4. "Chattel mortgage" is a lien on specific personal property.

5. Where, at time of filing suit in claim and delivery for possession of property, property was delivered on delivery bond and no redelivery bond was filed, it was not necessary to submit evidence as to value of property, as jury was not required to find value.

6. Expenses for automobile hire and value of time spent in locating and obtaining possession of property sought to be recovered as damages for detention of property are special damages, not recoverable unless alleged.

7. "General damages" are immediate, direct, and proximate result of act complained of, and are provable under general allegation.

8. "Special damages" are damages which, although natural, are not necessary consequence of act, and are not recoverable unless specially pleaded.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Publisher's Note.

2. See 5 R. C. L. 404.
3. See 5 R. C. L. 429.
4. See 5 R..C. L. 439.
7. See 8 R. C. L. 429.

See Chattel Mortgages, 11 C. J., sec. 1, p. 399, n. 3; sec. 78, p. 457, n. 29; p. 459, n. 38 New; sec. 169, p. 501, n. 26; sec. 193, p. 517, n. 20; sec. 520, p. 713, n. 17 New.

Damages, 17 C. J., sec. 19, p. 713, n. 57; sec. 42, p. 715, n. 93; sec. 305, p. 1001, n. 71.

Replevin, 34 Cyc., p. 1475, n. 42; p. 1534, n. 93 New.

Action in claim and delivery. Judgment for plaintiffs. *Modified with directions.*

S. T. Lowe and T. M. Morris, for Appellant.

The mortgage held by the plaintiffs was void, as against the defendants. The defendant was not a party to the mortgage but was a purchaser of the property at the foreclosure sale of a creditor, and therefore stood in the same position as the creditor of the Weatherlys. (16 R. C. L., p. 138, secs. 101, 102.)

The description of the property included within the mortgage was not sufficient to enable a third person aided by inquiries which the instrument itself suggests, to identify the property purported to be described in the mortgage, and the same was therefore void. (*Sigel Campion Livestock Commission Co. v. Holly,* 44 Colo. 580, 101 Pac. 68; *McConnell v. Langdon,* 3 Ida. 157, 28 Pac. 403; *Pierce v. Langdon,* 3 Ida. 141, 28 Pac. 401; *Walker v. Fitzgerald,* 157 Minn. 319, 196 N. W. 269, 197 N. W. 259.)

Special damages are such as actually result from the commission of a wrong but are not such a necessary result as will be implied by law, and must be specially pleaded. (*Duck Lee v. Boise Dev. Co., Ltd.,* 21 Ida. 461, 122 Pac. 851; *Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981; *Kirk v. Madareitc,* 32 Ida. 403, 184 Pac. 225; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460.)

H. V. Creason and Harmon E. Hosier, for Respondents.

A purchaser at foreclosure sale obtains only such title to property as mortgagor held under the mortgage when property is sold at foreclosure sale. (*Dixon v. Ladd,* 32 S. D. 163, Ann. Cas. 1916A, 253, 142 N. W. 259, C. S., sec. 6383.)

A creditor or third party in order to defeat a nonrecorded mortgagee's right, must be a creditor who has obtained a lien on the property by attachment or other judicial process. (*Folsom v. Peru Plow & Implement Co.,* 69 Neb. 316, 111 Am. St. 537, 95 N. W. 635; *Dexter v. Citi-*

*zens' Nat. Bank,* 4 Neb. (Unof.) 380, 94 N. W. 530; *Reiss v. Argubright,* 3 Neb. (Unof.) 756, 92 N. W. 988; *Gray v. Doty,* 77 Kan. 446, 94 Pac. 1008; *Youngberg v. Walsh,* 72 Kan. 220, 83 Pac. 972.)

Where the verdict of the jury is for the plaintiff in an action of claim and delivery, and plaintiff gave bond and obtained possession of the property, and the defendant did not put up a redelivery bond, there is no need of evidence being submitted by the plaintiff to show the value of the property to support the verdict. (*Carruthers v. Hensley,* 90 Cal. 559, 27 Pac. 411; *Erreca v. Meyer,* 142 Cal. 308, 75 Pac. 826.

A chattel mortgage is a lien upon specific personal property. (*First Nat. Bank v. McIntosh & Peters Livestock Commission Co.,* 72 Kan. 603, 84 Pac. 535; *Dixon v. Ladd,* 32 S. D. 163, Ann. Cas. 1916A, 253, 142 N. W. 259.)

BAUM, Commissioner.—This is an action in claim and delivery instituted by the plaintiffs T. L. Stoddard and C. E. Byrum, respondents herein, to recover of and from the defendants, the Burley National Bank and Albert Ploeger, the last named being the appellant herein, the possession of certain livestock, alleged to be of the value of $300, together with the additional sum of $150 damages for the wrongful detention thereof. The action was originally filed in the probate court, resulting in judgment for Stoddard and Byrum, against the defendant Ploeger; thereafter defendant Ploeger appealed to the District Court and upon a trial *de novo,* judgment was had in favor of respondents Stoddard and Byrum, for the return of the property and in case its return could not be had, the sum of $300 as the value thereof and damages in the sum of $50, for the wrongful detention of the property, from which judgment this appeal is taken.

One R. W. Weatherly and wife, on the 27th of December, 1919, executed and delivered to the Burley National Bank their certain chattel mortgage upon certain cattle,

none of which are involved in this action. The last-mentioned mortgage was given to secure payment of a $2,600 note. This mortgage was acknowledged February 27, 1920, and was thereafter duly filed for record in the proper county. Thereafter and on the 5th day of April, 1920, the respondents herein sold to said Weatherly twenty cows and three calves for the sum of $1,200, and to evidence the purchase price Weatherly and wife executed to the respondents herein their promissory note in the sum of $1,200, and to secure the payment thereof made, executed and delivered a chattel mortgage covering the property so sold.

The note in favor of the Burley National Bank became due November 1, 1920, and the note to respondents herein became due on October 15, 1920.

The mortgage to the respondents herein was not recorded until October 29, 1920.

Some time prior to the 22d day of October, 1920, Weatherly and wife departed for parts unknown, and on the last-mentioned day, the Burley National Bank, prior to the due date of its note, commenced foreclosure proceedings by affidavit, notice and sale, and certain cattle including those in controversy were sold to appellant Albert Ploeger, who was during all of the times mentioned herein, the president of the Burley National Bank.

The purchase price of the cattle so purchased by Weatherly from respondent being due and unpaid, the respondents herein as mortgagees in the mortgage executed by Weatherly and wife to themselves, bring this action for the possession of the property.

Although appellant specifies eighteen assignments of error, I shall take such of the assignments as are deemed necessary to a determination of the material issues in the case, namely; that the mortgage executed by Weatherly and wife to respondents was void by reason of the indefinite, uncertain and insufficient description of the property sought to be mortgaged; that the mortgage was not filed for record until a time subsequent to the foreclosure by the Burley

National Bank; that no evidence was introduced as to the value of the chattels sought to be recovered from which the jury could determine or fix the value of the cattle sought to be recovered, and that there was no competent evidence submitted by the plaintiffs of any damages suffered by reason of the detention of the cattle, by the appellant.

[1] An examination of the record discloses conclusively that the cattle in controversy were part of the cattle sold by the respondents to Weatherly on April 5, 1920, appellant in fact, in certain of his assignments admits that such is the fact and that he became the purchaser of the cattle in controversy at the foreclosure sale under the mortgage in favor of the Burley National Bank, and that his right to possession was acquired as such purchaser. Appellant relies upon the provisions of C. S., sec. 6375, which provides in part, as follows:

"A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless, . . . . and the mortgage, or a true copy thereof, is filed for record with the county recorder of the county where such property is located and kept."

Ploeger, as an individual, was not a creditor of Weatherly. He was a purchaser at sheriff's sale under foreclosure of a mortgage executed by Weatherly at a time prior to Weatherly's purchase of the cattle in controversy, hence, the cattle could not have been covered by such mortgage. Appellant's admission belies his right to assert otherwise. As such purchaser he acquired only that interest which the mortgagor had in the mortgaged property at the time of the execution of the mortgage. C. S., sec. 6383. And in the instant case Weatherly as mortgagor had no interest in the cattle in controversy at the time he executed the mortgage to the mortgagee, Burley National Bank. The bank caused property to be sold that was acquired by Weatherly subsequent to the date of the execution of its mortgage. The mortgagor having no interest, the purchaser took no interest.

[2] It is clear that the mortgage to the Burley National Bank did not and was not intended to cover after-acquired property. (*Dover Lumber Co. v. Chase,* 31 Ida. 276, 170 Pac. 108; *Kettenbach v. Walker,* 32 Ida. 544, 186 Pac. 912; therefore appellant may not claim under it any property 'subsequently acquired by the mortgagor. (*New Lincoln Hotel Co. v. Shears,* 57 Neb. 478, 73 Am. St. 524, 78 N. W. 25, 43 L. R. A. 588; *Battle Creek Valley Bank v. First National Bank,* 62 Neb. 825, 88 N. W. 145, 56 L. R. A. 124.)

[3] The mortgage executed by Weatherly and wife to the respondents, contained a sufficient description of the property as between the mortgagors and the mortgagee. (*Hare v. Young,* 26 Ida. 691, 146 Pac. 107; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731.) The strictness of the rules applied to chattel mortgages as to definiteness of description is only applied between the mortgagee and attaching creditors, subsequent encumbrancers and purchasers in good faith and for value. (*Hare v. Young, supra; Rea v. Wilson,* 112 Iowa, 517, 84 N. W. 539.)

[4] Neither appellant nor the Burley National Bank was an attaching creditor, subsequent encumbrancer or purchaser in good faith and for value within the meaning of the statute. A chattel mortgage is a lien upon specific personal property. (*First National Bank v. McIntosh et al.,* 72 Kan. 603, 84 Pac. 535.) The Burley National Bank's lien did not cover the property in controversy but only the property so mortgaged to it.

[5] The record shows that the respondents at the time of filing suit put up a delivery bond and that the cattle were delivered to respondents and no redelivery bond was furnished by the appellant, or the defendant Burley National Bank, and that the respondents had possession at the time of the trial; therefore it was not necessary to submit evidence as to their value. The jury in such a case is not required to find the value of the property. In the instant case respondents had a special interest in the property,

namely, mortgagees. (*Cruthers v. Hensley,* 90 Cal. 559, 27 Pac. 411; *Erreca v. Meyer,* 142 Cal. 308, 75 Pac. 826.)

Paragraph IV of the complaint is as follows:

"That the defendants herein did on or about the 29th day of October, 1920, in the County of Cassia, State of Idaho, contrary to and against the plaintiffs' consent, wrongfully and unlawfully come into the possession of the above described personal property and has retained the said property in their possession against the wishes, and· contrary to the consent of these plaintiffs."

[6-8] The jury awarded respondents $50, as damages and in support of the allegations as to damage, respondents introduced evidences as to automobile hire, expense of the men accompanying the respondent Stoddard in seeking the return of the cattle in the sum of $15, and an item of thirty days' time spent by one of the respondents in locating and obtaining possession of the cattle, and that his time was worth $5 per day. The damages sought to be obtained were special damages and not general. Special damages cannot be recovered unless expressly alleged. (*Lipscomb v. Tanner,* 31 S. C. 49, 9 S. E. 733.) What is the special damages which cannot be proved without being specially alleged? It seems that what are called general damages as contradistinguished from special damages, are admitted in evidence under a general allegation, indeed are inferred by the law itself, for the reason that they are the immediate, direct and proximate result of the act complained of. Damages which although the ·natural, are not the necessary consequence of the act, being outside of the costs and disbursements allowed by law, and consequential in their nature are special damages and are not admissible in evidence unless specially pleaded. It is elementary that damages in the ordinary sense must be the immediate result of the act complained of. The supreme court of the United States in *Vance v. Vandercook,* 170 U. S. 468, 18 Sup. Ct. 645, 42 L. ed. 111, laid down a somewhat similar rule. (*Henderson v. Coleman,* 19 Wyo. 183, 115 Pac. 439, 1136.)

The other assignments made go to the points above stated.
If respondents within thirty days of the receipt of the
*remittitur* by the clerk of the court below, file a waiver
as to damages in the amount of $50 the judgment will be
affirmed, otherwise the judgment will be reversed and a
new trial granted. If the waiver is filed, costs awarded to
respondents, otherwise costs to appellant.

Wm. E. Lee, Givens and Taylor, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby adopted
as the opinion of the court.