Crawford *v.* Lawrence.

---

### CRAWFORD *v.* LAWRENCE.

[No. 19,252. Filed March 6, 1900.]

Judges.—*Appointment of Special Judge.—Habeas Corpus Proceeding.*—The regular judge of a circuit or superior court has authority under the statute to appoint a special judge to hear and determine a *habeas corpus* proceeding. *p. 290.*

Courts.—*Jurisdiction.—Special Judge.*—Where one goes to trial, without objection, before a judge who assumes to act under color of authority, he cannot, after judgment or conviction, successfully make the objection that the judge acted without authority. *p. 290.*

Habeas Corpus.—*Collateral Attack.—Special Judge.*—A writ of *habeas corpus* is a collateral remedy, and in an assault upon a judgment rendered by a court of competent jurisdiction, it will be presumed on appeal, in the absence of any showing to the contrary in support of a motion to quash the writ, that the court had full jurisdiction of the subject-matter, and that all the proceedings were according to law, and such presumption applies with equal force to the appointment of a special judge. *p. 290.*

From the Lake Superior Court. *Affirmed.*

*A. F. Knotts*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores, C. C. Hadley* and *J. O. Bowers*, for appellee.

Hadley, C. J.—Upon petition filed in the Lake Superior Court, a writ of *habeas corpus* was duly issued to the appellee, as sheriff of Lake county, commanding him to produce the body of appellant before the court and show cause why

he restrained Crawford of his liberty. In obedience to the writ, appellee produced the body of appellant and successfully moved the court to quash the writ. Appellant refused to amend his petition, and, electing to stand by the exception, judgment was rendered denying the writ. The sufficiency of the petition to sustain the writ is the only question presented by this appeal.

The petition in substance alleges that Crawford is imprisoned by the appellee, as sheriff, in the county jail, on a pretense, founded on a void commitment issued to him by the clerk of the Lake Circuit Court, a copy of which commitment is set forth. It recites that in the cause of the State of Indiana v. Henry B. Crawford, on the 22nd day of December, 1899, the same being the 29th judicial day of the November term, 1899, of the Lake Circuit Court, before the Honorable Johannes Kopelke, special judge of said court, the following proceedings were had by said court in said cause, to wit: "State of Indiana v. Henry B. Crawford. No. 2,435. Embezzlement. Now again comes the State of Indiana by its prosecuting attorney, and comes also the defendant in his own person and by counsel, and the defendant's motion for a new trial herein is now by the court overruled, to which ruling of the court the defendant excepts, and, thereupon, the court grants said defendant thirty days in which to file his bill of exceptions, and the defendant being thereupon asked by the court if he had any reason to assign why sentence should not be pronounced, and the defendant assigning no reason    *    *    ." Then follows, in due form, a judgment of imprisonment in the State prison at Michigan City, signed, "J. Kopelke, Special Judge"; all of which is duly attested by the clerk and seal of the court.

It is then alleged that said pretended commitment was issued by the clerk upon a pretended illegal and void judgment rendered by one Kopelke on the 22nd day of December, 1899, who was at the time pretending to act as special judge of said Lake Circuit Court under an appointment

in said cause, which the petitioner alleges to be illegal and void; that said restraint is illegal, in this, that the pretended judgment rendered by Kopelke is illegal and void, for the reason that he had no jurisdiction of the subject-matter or the person of said Crawford, and no jurisdiction to render said judgment.

The petition discloses that appellant was personally present before the circuit court for trial on a charge of embezzlement. The circuit court is a court of general jurisdiction, and hence had jurisdiction of such subject-matter. The regular judge also had ample authority, under the statute, to appoint a special judge to hear and determine appellant's case. §§1446, 1447 Burns 1894.

No effort is made to disclose why Kopelke, who acted as special judge, did not have jurisdiction, nor does it appear from the petition or bill of exceptions that appellant objected to going to trial before Kopelke; and the cases are abundant which declare that "where a party goes to trial, without objection, before a judge who assumes to act under color of authority, he can not after judgment or conviction successfully make the objection that the judge acted without competent authority in the trial of the case." *Schlungger* v. *State*, 113 Ind. 295, 296.

A writ of *habeas corpus* is a collateral remedy, and in an assault upon the judgment of a court of competent jurisdiction we must, in the absence of any showing to the contrary, conclusively presume, in support of a motion to quash the writ, that the court had full jurisdiction of the subject-matter, and that all the proceedings were according to law; and this presumption applies with equal force to the appointment of a special judge. *Leonard* v. *Blair*, 59 Ind. 510, 514; *State* v. *Murdock*, 86 Ind. 124; *Rogers* v. *Beauchamp*, 102 Ind. 33; *Board, etc.*, v. *Courtney*, 105 Ind. 311, 317; *Schlungger* v. *State*, 113 Ind. 295; *Mayer* v. *Haggerty*, 138 Ind. 628, 635. We find no error in the record. Judgment affirmed.