## FISHER v. ZOLLINGER.

(Circuit Court of Appeals, Sixth Circuit. November 22, 1906.)

No. 1,540.

1. BANKRUPTCY—LIENS—CHATTEL MORTGAGE.

Under the law of Ohio relating to chattel mortgages, which governs as to their validity and the rights of the mortgagee in bankruptcy proceedings in that state, a duly recorded mortgage given by a manufacturing corporation to secure bonds, which covers its stock in trade and provides that it may retain possession and sell any of the property in the usual course of its business and use the proceeds until default, is valid as between the parties, and when the mortgagee takes possession, either with the mortgagor's consent or under authority contained in the mortgage, his title becomes complete as against general creditors of the mortgagor; and where such a mortgage was given more than four months prior to the bankruptcy of the mortgagor the taking of possession by the mortgagee within such four months with the consent of the mortgagor and as authorized by the terms of the mortgage, although with knowledge of the mortgagor's insolvency, does not constitute a transfer or preference under Bankr. Act 1898, § 60a, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended in 1903 (32 Stat. 799, c. 487 [U. S. Comp. St. Supp. 1905, p. 689]), since the lien so perfected by the taking of possession relates back to the date of the mortgage.

2. SAME—MORTGAGE ON AFTER-ACQUIRED PROPERTY.

A duly recorded chattel mortgage on after-acquired property under the law of Ohio is valid as between the parties, and becomes a valid lien as of its date as against the mortgagor's general creditors when the property is taken into possession by the mortgagee. Hence such taking possession within four months prior to the mortgagor's bankruptcy does not create a lien nor operate as a preferential transfer within Bankr. Act 1898, § 60a, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended in 1903 (32 Stat. 799, c. 487 [U. S. Comp. St. Supp. 1905, p. 689]).

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio.

For opinion below, see 140 Fed. 679.

This is an appeal from a decree of the bankruptcy court sustaining the validity of a mortgage made by the bankrupt corporation to secure an issue of

bonds. The mortgage in question was made by the National Valve Company, a manufacturing corporation organized under the laws of Ohio. The mortgage was made and delivered November 2, 1903. It covered the entire plant, real and personal, and was made to secure an issue of bonds bearing interest coupons maturing semiannually. It provided that the mortgagor might remain in possession and continue business until default in interest or principal, or in taxes or other charges, when the mortgagee might take possession. "That until possession shall be taken * * * upon default as herein provided" the mortgagor "for the proper operation, management and maintenance of the business of said company shall be suffered to possess, manage and enjoy the same with all its property * * * and apply the rents, profits, tolls, income and personal property for the purpose aforesaid and distribute the net annual income to the stockholders of said company, after paying the principal and interest of said bonds according to the terms thereof. * * * " It also contained an after-acquired property clause by which all property, real or personal, thereafter made or acquired should pass under the mortgage. This mortgage was duly filed as a real estate mortgage, and filed and refiled as a chattel mortgage according to the Ohio recording statute. The company remained in possession and operation of its business from execution of this instrument until November 29, 1904, and during that period, with the knowledge and consent of the trustee in the mortgage, sold the product of its manufacture in the ordinary course of its business. During that time additional personal property was acquired, largely with proceeds of the bonds secured by the mortgage, but some part of the price remained unpaid when the trustee took possession of all of the company's property. On May 2, 1904, and again on November 2, 1904, default was made in payment of interest. On November 29, 1904, Zollinger, the trustee under the mortgage, took possession of the entire plant in pursuance of the power contained in the mortgage. On November 30th a petition in involuntary bankruptcy was filed against the mortgagor, and in due course an adjudication followed. By agreement between Zollinger and the trustee in bankruptcy the latter took possession of all of the plant, the rights of the trustee under the mortgage to be transferred to proceeds of the sale. A petition was filed by Zollinger asserting the lien of the mortgage, and an answer by the trustee asserting that it was a fraudulent preference under section 6343, Ohio Statutes, and voidable under sections 60a and 60b of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as amended in 1903 (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. p. 689]). Upon these pleadings and the evidence the referee and upon a petition to review, the district judge held the mortgage valid, both as to the real and personal property, that in existence when the mortgage was executed as well as that subsequently acquired. From this decree, the bankrupt trustee has appealed.

A. B. Thompson, for appellant.
R. K. Ramsey and E. B. King, for appellee.

Before LURTON, SEVERENS and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, announced the opinion of the court.

It was conceded below, and not contradicted here, that the mortgage is a good security as a real estate mortgage. Appellant denies that it is a valid security so far as it operated as a transfer of personal property in existence and possessed by the mortgagor when the mortgage was made, and that, for stronger reasons, it is invalid in so far as it is set up as a security upon personal property acquired subsequent to its execution.

1. As a chattel mortgage of chattels possessed at the date of its execution, it is said that the instrument is invalid, because the mortgagor was left in possession with a power of sale. That the instrument was

made in good faith to secure an issue of long-time bonds aggregating $40,000, bearing coupons payable semiannually, and that the proceeds of the bonds went mainly to pay for the property, is not disputed. That the transaction was and is free from actual fraud we have no doubt. What, then, is the legal effect of possession by the mortgagor with the power to sell in the usual course of business? This must be settled by the law of Ohio if there is a settled line of decisions in respect of this question. The Ohio rule is clearly stated in the leading case of Francisco v. Ryan, 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711, where it is said:

> "A mortgage on a stock of merchandise, though made in good faith to secure a bona fide debt of the mortgagor, when it allows him to retain possession with a power of sale in the course of his business, is ineffectual to create a lien as against creditors of the mortgagor who assert their rights against the property while it remains under his control; but it is valid between the parties, and when the mortgagee takes possession, either with the consent of the mortgagor given at the time or under an authority conferred by the mortgage, his title becomes complete, and the property is no longer subject to legal process issued against the mortgagor, nor liable for his debts except to the extent of any surplus that may remain after the satisfaction of the mortgage debt and proper charges for enforcing the same."

This statement of the Ohio case is taken from the syllabus, because, under the rule of the Supreme Court of that state, the syllabus contains the authoritative statement of the precise point decided.

No creditor nor any third person had asserted any claim against the personal property covered by this mortgage before the trustee took actual possession under his mortgage. This act of taking possession perfected the lien and made the instrument operative and effective against the world, unless the bankrupt trustee has by virtue of some positive provision of the bankrupt law a right to avoid a mortgage which was good as between the parties and all others who had acquired no intervening rights before the mortgagor took possession. If he has a right to avoid this mortgage under section 60a of the bankrupt law, as a preference made within four months of the filing of the petition in bankruptcy against the mortgagor, it will be because the preference of the mortgage was obtained only when the mortgagee took possession and was not a lien as of the date of the mortgage. But it cannot for a moment be pretended that Zollinger's lien under the mortgage only arose when he took possession. He took possession by virtue of his mortgage, and his lien relates to its date. It was not a lien created when he took possession. The lien upon the chattels conveyed was always good as between the parties. That the property was subject to seizure by the process of creditors, or might pass to a subsequent purchaser, may be conceded. The only effect of taking possession was to cut off the possibility of rights accruing to third persons. The status of Zollinger was identical with that of a mortgagee under an unrecorded chattel mortgage. Until recorded the mortgaged property is subject to seizure by third persons. The lien of such an unrecorded mortgage relates to the date of the instrument, and is not a preference within the meaning of 60a of the bankrupt act, if that date is more than four months antecedent to the filing of a petition in bankruptcy against the mortgagor. Rogers v.

Page et al., 140 Fed. 596, 72 C. C. A. 164; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956. The effect of the amendment of February 5, 1903, upon such unrecorded instruments we need not here consider.

2. What was the legal effect of the mortgage clause covering after-acquired property? A mortgage upon after-acquired property is perfectly effectual in equity and fastens upon such property so soon as acquired. Pennock et al. v. Coe, 23 How. 117, 16 L. Ed. 436; Dunham v. Cincinnati, etc., Ry. Co., 1 Wall. 254–266, 17 L. Ed. 584; Central Trust Co. v. Kneeland, 138 U. S. 414, 11 Sup. Ct. 357, 34 L. Ed. 1014; Bear Lake, etc., Irrigation Co. v. Garland, 164 U. S. 1–13, 17 Sup. Ct. 7, 41 L. Ed. 327; Harris v. Youngstown Bridge Co. et al., 90 Fed. 322–328, 33 C. C. A. 69; Contracting Co., etc., v. Continental Trust Co., 108 Fed. 1, 47 C. C. A. 143. In Bear Lake Irrigation Co. v. Garland, cited above, it was said:

"Such a mortgage, as against the mortgagor and subsequent incumbrancers, attaches itself to the after-acquired property as fast as it comes into existence, or as fast as the canal or railroad is built, and the lien of the mortgagee is held to be superior to that of the contractor."

Regarded in equity as an executory agreement to give a lien when the property comes into existence or is acquired and therefore enforced as an equitable lien, according to some of the cases, something more is necessary to make such a clause valid as a lien in courts of law.

"This difference," it is said by the Supreme Court of Ohio, in Francisco v. Ryan, 54 Ohio State, 307, 315, 316, 43 N. E. 1045, 1048, 56 Am. St. Rep. 711, "has arisen chiefly from the nature of the jurisdiction exercised by the courts. Those of equitable cognizance applying the maxim that equity regards as done that which ought to be done hold that under such a mortgage a lien attaches to the property as soon as it comes to the mortgagor's ownership. While at law it has been held that it creates no present lien, nor one as the property is acquired, but as between the parties it operates only as a contract for a lien, which may be made effectual for the benefit of the mortgagee by possession lawfully obtained of the property, not only as against the mortgagor himself, but also as against any subsequent legal process issued against him or disposition attempted to be made by him. Whether, or in what instance, in actions under a Civil Code like ours, by which the two systems of remedial justice are blended and administered in the same courts, and often in the same proceeding, the equitable rule should be applied, is a question upon which the courts are not agreed, and one whose decision is not necessary in this case." This reserved question as to whether in the Ohio courts the equitable rule in respect to the effect of an after-acquired property clause might not be enforced as between the parties or the mortgagee and third persons having notice, has not been since decided, and is of importance to the determination of the case in hand. Zollinger took actual possession of the after-acquired property involved here before the rights of any third person had intervened, and, under the Ohio doctrine as enforced in Francisco v. Ryan, this possession had "the same effect of protecting it in his hands from the claims of the

mortgagor's creditors as has possession taken of the property owned by the mortgagor at the time of the execution of the mortgage."

But the contention of counsel for appellant is that it was this act of "taking possession which created the lien and as this took place on the eve of bankruptcy and at a time when Zollinger knew the National Valve Company was insolvent and could not continue its business." It was therefore a preference obtained or granted within four months preceding the bankruptcy of that company. The whole case must turn here; for, if the preference claimed by Zollinger is not to be attributed to the mortgage as of its date rather than as of the date of this act of taking possession, the decree of the court below must be reversed in so far as Zollinger was permitted to enforce a lien against such after-acquired property. But we cannot assent to the premise of the argument. The lien of Zollinger against the after-acquired property did not arise when he took possession. As to third persons at law it was inchoate. The possession then taken only perfected this incipient lien as against third persons who had not theretofore acquired rights. The question as to whether the lien thus perfected relates to the date of the instrument of mortgage, or to the date when possession was taken, is, in principle, identical with the lien of a mortgage of chattels providing that the mortgagor shall remain in possession with a power of sale, or the lien secured by an unrecorded transfer of property. In both the latter instances the mortgage is a perfectly valid security as between the parties, and voidable only by certain third persons who may acquire rights, in one case before the mortgagee takes possession and in the other before the mortgage goes to record. Neither is there anything in the Ohio decisions that will justify any distinction in principle and prevent the lien from relating to the date of the mortgage which included the contract for the lien. It is true that in Ohio, as in some other jurisdictions, the lien upon after-acquired property is not regarded as valid at law until perfected or completed by possession. Chapman v. Weimer, 4 Ohio St. 481; Francisco v. Ryan, 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711. In Francisco v. Ryan, the Ohio Court, referring to Chapman v. Weimer, said:

"The principle upon which that case rests is, that the mortgage constitutes a valid and binding contract between the parties, and being so it must be given effect according to the intention of the parties. * * *"

Continuing, the court said of such a mortgage:

It "is a completed contract already obligatory upon the parties, and which continues to be so until it is fully executed, so that in taking possession of the acquired property in pursuance of its provisions, the mortgagee exercises a right belonging to him under the mortgage."

The court quotes with approval from Chase v. Denny, 130 Mass. 566, where it is said:

"If the after-acquired property is taken by the mortgagee into his possession before the intervention of any rights of third persons, he holds it under a valid lien, by the operation of the provisions of the mortgage in regard to it."

Whether the lien of an unrecorded mortgage or a mortgage of chattels where the mortgagor is left in possession with a power of sale

shall relate to the date of the instrument or to the date when the lien is completed or perfected as against third persons who have acquired no intervening rights before the recording of the instrument or taking possession of the mortgaged chattels is ordinarily of no importance. All persons are cut off by the recording of the instrument or the taking of possession who have not theretofore acquired some right. This is also true as to the relation of the lien of an after-acquired property clause upon such after-acquired property. It is only when some insolvency statute, or some bankrupt law, avoiding preferences obtained within a given time before a general assignment or the filing of a petition in bankruptcy is involved, that the date of a preference under such an instrument becomes important. In neither Chapman v. Weimer nor Francisco v. Ryan, both cited above, was the date of the lien upon the after-acquired property of any importance. Neither was any such question involved in Re Shirley, 112 Fed. 301, 50 C. C. A. 252, or in Re First National Bank of Canton, 135 Fed. 66, 67 C. C. A. 536, and any reference in those cases to the effect of registration as that of a new mortgage was figurative, and not intended to intimate that the lien was only of the date of registration. That the lien of an unrecorded mortgage is not of the date of recording, but is as of the date of the contract for the lien, is well settled. Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956; Rogers v. Page et al., 140 Fed. 596, 72 C. C. A. 164. In case of a mortgage upon property to be acquired, as well as in the other instances above referred to, the lien is the lien contracted for by the instrument of mortgage, and there is just as much room for holding that the lien relates to the date of the contract for the lien in the one instance as in the other. There is nothing in Francisco v. Ryan which is antagonistic to this relation of the lien. Upon the contrary, the reasoning of the Ohio court is plainly in line with that of the Vermont court in Peabody v. Landen, 61 Vt. 318, 17 Atl. 781, 15 Am. St. Rep. 903, and Thompson v. Fairbanks, 75 Vt. 361, 369, 56 Atl. 11, 101 Am. St. Rep. 899, where it became necessary to decide the date of the lien, because in one case an insolvency statute which avoided preferences obtained within a short time before a general assignment was involved, and the other the effect of section 60a of the bankrupt act of 1898 avoiding preferences obtained within four months of bankruptcy.

We have referred to this agreement in principle between the case of Francisco v. Ryan and the Vermont cases cited above, because Thompson v. Fairbanks was affirmed by the Supreme Court of the United States, in 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, in so far as the Vermont court held that the taking possession to complete the mortgagee's lien within four months of the mortgagor's bankruptcy was not a conveyance or transfer under the bankrupt act. The Vermont law and the Ohio law are in accord as to the validity of a mortgage upon after-acquired property, when the mortgagee takes possession before the rights of third persons intervene. Thompson v. Fairbanks is a distinct authority for the second proposition, namely, that possession taken under a mortgage is not a preference, although the mortgagee may have known that the mortgagor was insolvent and contemplated bankruptcy. This is the authority upon which this case

was decided below, and is conceded to be conclusive unless there is some radical difference between the law of Vermont and Ohio in respect to the validity of a mortgage of after-acquired property.

In Thompson v. Fairbanks, 196 U. S. 516, 525, 25 Sup. Ct. 306, 309, 49 L. Ed. 577, it is said:

"Although this after-acquired property was subject to the lien of an attaching or an execution creditor, if perfected before the mortgagee took possession under his mortgage, yet, if there was no such creditor, the enforcement of the lien by taking possession would be legal, even if within the four months provided in the act. There is a distinction between the bald creation of a lien within the four months, and the enforcement of one provided for in a mortgage executed years before the passage of the act, by virtue of which mortgage and because of the condition broken the title to the property becomes vested in the mortgagee, and the subsequent taking possession becomes valid, except as above stated. A trustee in bankruptcy does not in' such circumstances occupy the same position as a creditor levying under an execution, or by attachment, and his rights, in this exceptional case, and for the reasons just indicated, are somewhat different from what they are generally stated. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405."

But it is next argued that Thompson v. Fairbanks was decided before the amendment of February 5, 1903, of section 60a of the bankrupt law, and that this amendment has the effect of destroying the force of that case as an authority. But the amendment bears only upon the matter of liens claimed under unrecorded transfers required by the law of the state where made to be recorded, and makes all preferences under transfers relate, not to the date of the transfer, as was the law before, but to the date of the recording thereof. This matter we fully considered in Loeser, Trustee of Cassie L. Chadwick, v. Savings Deposit Bank & Trust Company (decided at this session) 148 Fed. 975. There is no question here of a lien upon this after-acquired property under an unrecorded mortgage. Zollinger's mortgage, under which he asserts his lien, was duly recorded and expressly provided for the lien asserted below. As that mortgage had been made and recorded more than 12 months before the filing of this petition in bankruptcy against the mortgagor, and as the lien thereby contracted for relates to the date of the mortgage, it is plain that the amendment of section 60a has no effect upon any question here involved.

Decree enforcing lien of Zollinger's mortgage affirmed.