ANDERSON v. J. O. & N. B. CHENAULT.

(Circuit Court of Appeals, Fifth Circuit. October 29, 1913.)

No. 2,516.

1. CHATTEL MORTGAGES (§ 48*)—VALIDITY—DESCRIPTION—GROWING CROPS.

A mortgage on all of the grantor's "crop of cotton of 100 acres now up and growing on the land of W., also 30 acres of corn on the same place, and 20 acres of cotton on the H. place, up and growing," was substantially a mortgage on growing crops, and sufficiently identified the same as between the parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 93–95; Dec. Dig. § 48.*]

2. BANKRUPTCY (§ 178*)—SECURED CLAIMS—CHATTEL MORTGAGE.

On June 14, 1911, a bankrupt, being indebted to C. in the sum of $700, secured the same by an unrecorded mortgage on certain personal property, and at the same time borrowed an additional sum from C., bringing the total indebtedness up to $1,690, of which $250 was not advanced

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at the time, because not then needed. In November following the bankrupt gave C. notice of garnishment proceedings against him by another, in which the property covered by the mortgage was sought to be reached, whereupon C. filed the mortgage for record November 22, 1911. On January 30, 1912, the mortgagor was adjudged a bankrupt. *Held*, that the mortgage was given for a valid consideration, and not to hinder, delay, or defraud creditors, and not having been withheld from record with a fraudulent intent, and having been recorded before the lien of the bankrupt's trustee attached, was valid as against him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Proof of claim of J. O. & N. B. Chenault, secured by a chattel mortgage, against Roy S. Anderson, as trustee in bankruptcy of J. H. Beard. A referee's order allowing the claim as preferred was affirmed by the District Judge, and the trustee appeals. Affirmed.

This case is brought to this court on an agreed statement of the record which shows:

I. The proof of debt or intervention filed by the mortgagees, which was substantially and in brief as follows:

(a) That they were creditors of Beard, the bankrupt, in the sum of $1,690 for merchandise and advances.

(b) That the only security held by them was a mortgage or bill of sale, which transferred to them "all of the crop of cotton of 100 acres now up and growing on the land of B. M. Walton, also 30 acres of corn on the same place up and growing, 20 acres of cotton on Mrs. D. J. Hill's place up and growing," and certain live stock and other personal property described in detail.

(c) That the bill of sale or mortgage was made more than four months prior to the adjudication of the bankrupt.

(d) That it was duly recorded before bankruptcy.

(e) That the cotton crops mentioned in the bill of sale had been gathered and shipped to Phinizy & Co. at Augusta, garnished there by Anderson, a creditor of Beard, and a bond given to dissolve the garnishment by the mortgagees, the Chenaults.

(f) That $714.40 were realized from the sale of the cotton, which the mortgagees had been ordered by the District Court to turn over to the trustee in bankruptcy, and that the said mortgagees had the highest and best claim on said money and personal property by reason of said bill of sale.

(g) That the said sum of $714.40 was not enough to pay the claim of the mortgagees.

(h) That the mortgagees took the bill of sale in good faith, at a time when they believed Beard to be solvent—and praying that their claim be allowed as a secured claim against said property and said money, and that the said property and said money be turned over to them to be applied on their debt without any cost or expense to them, and that the trustee show cause why the title to said personal property should not be decreed to be in the mortgagees, and the said money at once delivered to them.

II. The objection filed by the trustee to the allowance of this claim on the ground:

(a) That the bill of sale contains an inaccurate and incomplete description of the cotton to be mortgaged, and is therefore void against third parties.

(b) That the bill of sale or mortgage was void as a preference, because,

while dated June 16, 1911, it was not recorded in the clerk's office of Wilks county, Ga., until November 24, 1911, within four months preceding bankruptcy, and after other creditors had commenced suit against Beard, and that it was recorded by the mortgagees for the purpose of obtaining a preference, and with reasonable cause to believe that it would operate as a preference.

(c) That the mortgagees knew Beard was insolvent at the date the bill of sale was made, and certainly at the time it was recorded.

(d) That the mortgage was void, because given as a preference to hinder, delay, and defraud creditors.

III. The evidence taken before the referee.

IV. The mortgage or bill of sale given by J. H. Beard to J. O. & N. B. Chenault substantially and in brief is as follows:

Georgia, Wilks County:

Know all men by these presents, that I, J. H. Beard, in consideration of $1,695.32, hereby grant, bargain, sell, and convey to J. O. & N. B. Chenault, their heirs and assigns, all my crop of cotton of 100 acres now up and growing on lands of B. M. Walton, also 30 acres of corn on same place up and growing, 20 acres of cotton on Mrs. D. J. Hill's place up and growing, and other personal property described in detail (the description of which is not material), all of which property is unincumbered, except 3,500 pounds lint cotton and $300—followed by the usual habendum and tenendum clause and the usual warranty, dated June 14, 1911, witnessed by two witnesses, probated by one of these on the 22d day of November, 1911, and recorded in the clerk's office of Wilks superior court November 24, 1911.

VI. The findings and order of the referee, finding that on June 14, 1911, Beard was indebted to Chenault in the approximate sum of $700, secured by an unrecorded mortgage on certain property; that on this day, June 14th, the bankrupt borrowed an additional sum, bringing his total indebtedness up to $1,690, of which $250 was not given to Beard until 30 or 40 days later, being withheld because Beard did not need it at that time. November, 1911, Beard received notice that Anderson had filed suit against him and served summons of garnishment on Phinizy & Co., cotton factors at Augusta, which constituted a part of the crop mortgaged to Chenault. Beard notified Chenault of the suit. Chenault thereupon filed his mortgage for record November 22, 1911. Beard was adjudged a bankrupt on his own petition on January 30, 1912. It does not appear from the testimony that the Chenault mortgage was given by Beard to hinder, delay, or defraud creditors, or that it was withheld from record by Chenault for this purpose. Chenault testified that it was his custom not to record any mortgages unless and until he became apprehensive of loss. Under the ruling in Bean v. Orr, 182 Fed. 599, 105 C. C. A. 137, 25 Am. Bankr. Rep. 400, this mortgage was good.

The trustee contended that under the amendment to section 47 (2) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. Supp. 1911, p. 1501]), adopted 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1501]), that the law in this case no longer controls. This amendment provided that trustees shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien on all property coming into the custody of the bankruptcy court. The date at which the trustee's right as of a judgment or lien creditor accrues is not specifically mentioned, and construing the amendment in connection with section 70 (a) we are forced to the conclusion that the right accrued on the date of the trustee's qualification, February 21, 1911, and was, therefore, subject to the then recorded Chenault mortgage. The objections to the mortgage of Chenault are therefore overruled.

The decree appealed from is as follows:

In the District Court of the United States for the Northeastern Division of the Southern District of Georgia.

In the Matter of J. H. Beard, in Bankruptcy.

The matter coming on to be heard upon a petition for review of the findings of Joseph Ganahl, Esq., one of the referees in bankruptcy, and after ar-

gument had, it is considered, ordered, and adjudged by the court that the findings of the referee be, and they are, hereby sustained in all respects. Ordered, further, that the trustee pay the costs of this proceeding.

This March 31, 1913.                                          Emory Speer, Judge.

Clement E. Sutton, of Washington, Ga., and R. S. Wimberly, of Macon, Ga., for appellant.

Orville A. Park and Geo. S. Jones, both of Macon, Ga., and J. M. Pitner, of Washington, Ga., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). Assuming that the decree appealed from is final, and therefore that this appeal will lie, we find that the amount involved in the mortgage given by the Chenaults was $1,695.32, plus interest from June 14, 1911, to January 13, 1912, and that the actual amount in controversy in the case was the sum of $714.40, realized from the sale of the proceeds of cotton turned over to the trustee and claimed by the appellees under the mortgage.

[1] The contract between Beard and the Chenaults is substantially a mortgage on growing crops and personal property, and, as between the parties, sufficiently identifies the property involved in this controversy.

[2] We have examined the evidence in the case, and agree with the referee and the judge of the lower court that under the testimony the Chenault mortgage was given for a valid consideration, and not to hinder, delay, or defraud creditors, and that it was not withheld from record with any fraudulent intent, nor to bolster the credit of the mortgagor, and that it was recorded before any lien or claim of the trustee in bankruptcy did or could attach.

The decree in question is affirmed.