(February 5, 1918.)

In the Matter of the Application of O. V. ALLEN for a Writ of Habeas Corpus.

[170 Pac. 921.]

HABEAS CORPUS — RECORD OF CONVICTION — JURISDICTION — PRESIDING JUDGE—PROCEEDINGS—REGULARITY OF COLOR OF AUTHORITY—COLLATERAL ATTACK.

1. *Habeas corpus* is a collateral remedy, and in an assault upon the judgment of a court of general jurisdiction, nothing to the contrary appearing in the record, it will be conclusively presumed, in support of a motion to quash the writ, that the court had full jurisdiction of the person and of the subject matter, and that all the proceedings were according to law.

2. Where a district judge from one district holds court in another district and no question is raised as to his authority, it will be conclusively presumed, unless the record discloses to the contrary, that he was lawfully exercising jurisdiction.

3. Such jurisdiction is exercised under color of authority and is not open to collateral attack.

4. The entries contained in the record of a trial in a court of general jurisdiction import verity, and they cannot be questioned on *habeas corpus*.

5. Where the constitution or statutes require an act to be done and there is no statute expressly requiring a record to be kept of it, the conclusive presumption is, when the record is silent upon the point, that the proceedings were regular and that the law was complied with.

Original proceedings on petition for writ of *habeas corpus*. Writ quashed.

Richards & Haga and George C. Huebener, for Applicant.

While the jurisdiction of our district court is presumed, being a court of general jurisdiction, this presumption is not conclusive. (*People v. Robinson,* 17 Cal. 363.)

The mere fact that the record made by Judge Bryan recites that which was not true does not exclude the defend-

ant from showing the truth by the very judges themselves who were there to preside legally and rightfully. We can supplement this record by showing that these judges were not absent in the sense required by the statute. (9 Ency. of Evidence, 933; *Cook v. Renick,* 19 Ill. 598; *Low v. State,* 111 Tenn. 81, 78 S. W. 110; *Ex parte Fish* (Mo. App.), 184 S. W. 479; *Matter of Divine,* 21 How. Pr. (N. Y.) 80; *Burlington University v. Executors of Stewart,* 12 Iowa, 442.)

The presumption of regularity of the proceeding of a special judge or the holding of a special term only prevails until the contrary is shown. (*Talbert v. Hopper,* 42 Cal. 397; *People v. Mellon,* 40 Cal. 648; *Ex parte Alabama State Bar Assn.,* 92 Ala. 113, 8 So. 768, 12 L. R. A. 134.)

"In all cases, when the facts going to the jurisdiction do not appear on the record, the plaintiff may for the purpose of impeaching the jurisdiction show the facts as they existed." (Browne on Jurisdiction, sec. 104.)

The petition for the writ shows that neither of the judges of the third district were absent therefrom or unable to sit. Judge Bryan's acts were null and void and in excess of jurisdiction. (*Low v. State,* 111 Tenn. 81, 78 S. W. 110.)

The condition precedent must be complied with. In the case at bar no reason for the disqualification of either Judges McCarthy or Davis is given in the record. (*Smith v. State,* 24 Tex. App. 290, 6 S. W. 40; *Perry v. State,* 14 Tex. App. 166; *Harris v. State,* 14 Tex. App. 676; *Oates v. State,* 56 Tex. Cr. 571, 121 S. W. 370; *Kennedy v. State,* 53 Ind. 542; *Commonwealth v. Fay,* 151 Mass. 380, 24 N. E. 201; *Brinkley v. Harkins,* 48 Tex. 225; *Hangar v. Commonwealth,* 107 Va. 872, 60 S. E. 67, 14 L. R. A., N. S., 684; *Commonwealth v. Kane,* 108 Mass. 423, 11 Am. Rep. 373; Browne on Jurisdiction, sec. 104, p. 379; *Morrill v. Morrill,* 20 Or. 96, 23 Am. St. 95, 110, 25 Pac. 362, 11 L. R. A. 155; *Ex parte Lacy,* 93 Va. 159, 24 S. E. 930, 31 L. R. A. 822; *Dulin v. Lillard,* 91 Va. 718, 20 S. E. 821.)

"Jurisdictional questions disclosed by the record are never waived, and can be raised at any time before or after trial in a motion in arrest of judgment, or even for the first time

in the appellate court." (*Gibbons v. Territory,* 5 Okl. Cr. 212, 115 Pac. 129; *Grocers' Nat. Bank v. Clark,* 31 How. Pr. (N. Y.) 115.)

T. A. Walters, Atty. Genl., and J. P. Pope, Assistant, for State.

A writ of *habeas corpus* will not be issued to release a prisoner sentenced by a judge *de facto.* (*Ex parte Ward,* 173 U. S. 452, 19 Sup. Ct. 459, 43 L. ed. 765.)

Where the record of the district court is silent as to whether the statutory requirements have been performed, the presumption is that the proceedings were regular and that the law was complied with. (*State v. Lottridge,* 29 Ida. 53, 155 Pac. 487; *Green v. Walker,* 99 Mo. 68, 12 S. W. 353.)

"The records of a court of record where made pursuant to law import absolute verity and cannot be contradicted within the jurisdiction of such court." (11 Cyc. 765; *Ex parte Fish* (Mo. App.), 184 S. W. 479; *People v. Judge Tenth Judicial District,* 9 Cal. 19; *Hanley v. State,* 50 Fla. 82, 39 So. 149; *Havird v. County Commissioners,* 2 Ida. 687, 24 Pac. 542; *People v. Mellen,* 40 Cal. 648.)

"A writ of *habeas corpus* is a collateral remedy, and in an assault upon the judgment of a court of competent jurisdiction we must, in the absence of any showing to the contrary, *conclusively presume* in support of a motion to quash the writ, that the court had full jurisdiction of the subject matter, and that all the proceedings were according to law, and this presumption applies with equal force to the appointment of a special judge." (*Crawford v. Lawrence,* 154 Ind. 288, 56 N. E. 673.)

"The jurisdiction of the court may always be inquired into on *habeas corpus,* but not the right of the judge to hold his office." (*Smith v. Sullivan,* 33 Wash. 30, 73 Pac. 793.)

"The superior courts being courts of general jurisdiction, it will be presumed that the court in each instance acted within its jurisdiction, in the absence of an affirmative showing to the contrary." (*State v. Holmes,* 12 Wash. 169, 40

Pac. 735, 41 Pac. 887; *In re Newman,* 75 Cal. 213, 7 Am. St. 146, 16 Pac. 887, 889; *Ex parte Tucker,* 4 Okl. Cr. 221, 111 Pac. 665; *In re Corralitos etc. Canning Co.,* 130 Cal. 570, 62 Pac. 1076; *In re Hewes,* 62 Kan. 288, 62 Pac. 673; *Radford Trust Co. v. East Tenn. Lumber Co.,* 92 Tenn. 126, 21 S. W. 329; *Jack v. State,* 26 Tex. 1.)

BUDGE, C. J.—On the 22d day of October, 1914, an information was filed in the district court of the third judicial district in and for Ada county, charging one O. V. Allen, former state treasurer, with the crime of embezzlement. Allen was present in court in person and represented by counsel when arraigned; he waived the reading of the information and the statutory time in which to plead thereto and asked permission to plead forthwith, and was thereupon permitted to enter his plea that he was "guilty of embezzlement as charged in the information." Upon his request that he be permitted to waive the statutory time for sentence and be immediately sentenced, the court sentenced him to a term of imprisonment in the state penitentiary for not less than five, nor more than ten, years.

On the 17th day of November, 1917, Allen filed a petition in this court for writ of *habeas corpus;* on the 14th day of January, 1918, the writ was issued and made returnable on the 17th day of January, 1918. Upon the return day the attorney general, on behalf of the state, filed a motion to quash the writ and a demurrer on behalf of the state and Frank E. De Kay, warden of the Idaho State Penitentiary, on the ground and for the reason that the petition upon which the writ was issued failed to state facts sufficient to entitle the petitioner to the relief demanded.

The records of the trial court held on that day show, among other things, that the court was in regular session and that the Hon. Ed. L. Bryan, District Judge of the seventh judicial district, at the request of the Governor and in the absence of both of the judges of the third judicial district, presided as judge thereof, but the record does not show that either of the judges of said district was absent from the state or was

absent from the district on the 22d day of October, 1914, or that either of said judges was unable by reason of sickness or for any other cause to hold court in said county and district on said date, or that either of said judges requested the Hon. Ed. L. Bryan to hold said court on said date, or that either of said judges requested the Governor to request the said Hon. Ed. L. Bryan to hold such court on said date. Neither does the record show that a certificate, from the clerk of said court showing that both of said judges were absent from the state or the third judicial district, or by reason of sickness or for any other cause were unable to hold court therein on said 22d day of October, 1914, was transmitted to the Governor of the state of Idaho as prescribed by sec. 3886, Rev. Codes.

It is the contention of petitioner that Judge Bryan's acts at the session of the district court of the third judicial district held on October 22, 1914, touching the arraignment, plea and sentence of petitioner, were invalid and all of said acts were in excess of and beyond his jurisdiction and void, for the reason that the conditions precedent prescribed in the constitution and statutes were not complied with. The section of the constitution referred to is the following: Sec. 12. art. 5. "Every judge of the district court shall reside in the district for which he is elected. A judge of any district court may hold a district court in any county at the request of the judge of the district court thereof, and, upon the request of the governor, it shall be his duty to do so. . . . . " And sec. 3886, Rev. Codes is as follows: "Sec. 3886. A District Judge may hold a court in any county in this State upon the request of the Judge of the district in which such court is to be held; and when by reason of sickness or absence from the State, or from any other cause a court cannot be held in any county in a district by the Judge thereof, a certificate of that fact must be transmitted by the Clerk to the Governor, who may thereupon direct some other District Judge to hold such court."

The question therefore arises: Will this court, in a proceeding of this character, permit matter not in the record to

be offered by affidavit or otherwise to impeach, vary or supplement the record of the district court? Or, since the record fails to show that Judge Bryan presided at the request of a district judge or at the request of the Governor in pursuance of sec. 3886, *supra*, will petitioner be permitted to show by evidence *dehors* the record, a failure to comply with the provisions of the constitution and statute, or does the fact that the record fails to show these facts and that there are no provisions in the statutes requiring them to appear in the record, raise a conclusive presumption that all necessary steps were taken in pursuance of the provisions of the constitution and statute in order to vest in the judge of the court power and authority to act? It must be conceded that had these conditions precedent been performed, Judge Bryan would have been clothed with such power and authority.

This court held in *State v. Lottridge*, 29 Ida. 53–59, 155 Pac. 487, 488, wherein it was sought on appeal to question the record, that: "While sec. 7855, *supra*, requires the indictment or information in a felony case to be read and the plea to be stated to the jury, there is no statute expressly requiring a record to be kept of it, and in the absence of specific statutory requirement directing that such fact be recorded, the presumption is, when the record is silent upon the point, that the proceedings were regular and that the law was complied with."

In *Hanley v. State*, 50 Fla. 82, 39 So. 149, the petitioner sought release on a writ of *habeas corpus* on the ground that while the record showed that he was tried and convicted on Saturday as a matter of fact he was tried and convicted on Sunday, but the court held that, "the entries contained in the record proper of a trial import verity, and they cannot be questioned on *habeas corpus*." To the same effect is *Ex parte Sternes*, 77 Cal. 156, 11 Am. St. 251, 19 Pac. 275.

In the case of *State v. Holmes*, 12 Wash. 169, 40 Pac. 735, 41 Pac. 887, it was held that where neither the constitution nor the statutes make provision for spreading upon the record the fact that the visiting judge had been called to hold court either by the Governor or by the judges in the county

where the term of court is held, "it follows that the superior courts, being courts of general jurisdiction, it will be presumed that the court in each instance acted within its jurisdiction in the absence of an affirmative showing to the contrary," and in our opinion this affirmative showing must appear in the record. The latter case distinguished some of the cases cited by counsel for petitioner which rest upon provisions requiring the steps taken in calling in the presiding judge to be spread upon the minutes of the court.

The record in this case shows that the presiding judge held court at the request of the Governor and that the court was regularly in session, and that the disqualifications, if any existed, were known to the petitioner and his counsel at the time of the arraignment and the entering of the plea and when sentence was imposed, and no objections were made to the jurisdiction of the court over the petitioner, and there can be no question raised that the court had jurisdiction of the subject matter.

In the case of *People v. Mellon,* 40 Cal. 648–655, the presiding judge was requested by the county judge of an adjoining county to try the case. The record did not disclose for what statutory cause he was requested to hold the court, but it was held that it would be presumed that one of the causes mentioned in the statute existed, and as the record showed no objection by either party during the trial to the exercise of jurisdiction over either the person or the subject matter, it would be presumed that all of the parties interested consented that the request should be made by the resident judge and that one of the causes actually existed which authorized the calling in of the presiding judge, and that the request of the resident judge gave the presiding judge color of authority and that his authority could not be inquired into collaterally in a proceeding in *habeas corpus.*

In the case of *Crawford v. Lawrence,* 154 Ind. 288, 56 N. E. 673, the court held that where a party goes to trial without objection before a judge who assumes to act under color of authority, he cannot, after judgment or conviction, successfully make the objection that the judge acted without

competent authority, and further: "A writ of *habeas corpus* is a collateral remedy, and in an assault upon the judgment of a court of competent jurisdiction we must, in the absence of any showing to the contrary, conclusively presume, in support of a motion to quash the writ, that the court had full jurisdiction of the subject matter, and that all the proceedings were according to law, and this presumption applies with equal force to the appointment of a special judge."

The California constitutional and statutory provisions in this respect are substantially identical with our own. In *People v. Ah Lee Doon,* 97 Cal. 171, 176, 31 Pac. 933, 934, that court said with reference to the identical question before us: "It is objected that Judge Murphy had no authority to act in the cause on January 10th when he received the defendant's plea. It is certainly true that the order of the governor, issued on January 12th, conferred no authority to act on the 10th. But Judge Murphy may have been, and probably was, presiding on the 10th by invitation of Judge Angellotti. Such invitation would have conferred the requisite authority. (Const., art. 6, par. 8; Code Civ. Proc., par. 71.) No question as to Judge Murphy's authority was raised at the time of entering the plea, and it must be presumed that he was lawfully exercising jurisdiction."

That a district judge from one district may preside in another district under certain circumstances is apparent from the reading of the constitutional and statutory provisions above quoted, and this the petitioner concedes, and, under the showing made, it appears that the Hon. Ed. L. Bryan was a district judge of the seventh judicial district, and that he did actually sit at the hearing and dispose of the case of petitioner, and that he did so at the request of the Governor. It is certain, therefore, that he was acting at least with color of authority and, as was said by the supreme court of the United States in *Ex parte Henry Ward,* 173 U. S. 452, 19 Sup. Ct. 459, 43 L. ed. 765, a proceeding in *habeas corpus:* "The result of the authorities is that the title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked."

We are satisfied from our examination of the authorities that Judge Bryan's authority to act in the proceeding in question under the facts and circumstances disclosed by the petitioner is not open to attack. From what has been said it follows that the writ must be quashed, and it is so ordered.

Morgan and Rice, JJ., concur.