(December 6, 1919.)

WILLIAM F. KETTENBACH, as Trustee in Bankruptcy of GEO. O. BERREMAN, Respondent, v. G. F. WALKER and M. M. PARKS, and G. F. WALKER and M. M. PARKS, Partners as WALKER & PARKS, GEO. O. BERREMAN and KITTIE BERREMAN, His Wife, and HARRY LYDON, as Sheriff of Nez Perce County, Idaho, Appellants.

[186 Pac. 912.]

COURTS — DISTRICT JUDGE — JURISDICTION — PRESUMPTIONS — CHATTEL MORTGAGES—VALIDITY—MORTGAGEE—TAKING POSSESSION—EFFECT OF—CREDITORS—BANKRUPTCY—PREFERENCES.

1. The presumption is that a court of general jurisdiction has acted within its jurisdiction.

2. Under the constitution and statutes of this state, a district judge of one district may, upon proper invitation either from the judge of another district or from the Governor, act with lawful authority in the latter district.

3. The presumption that a court of general jurisdiction has acted within its jurisdiction embraces the further presumption that, in the absence of any affirmative showing in the record to the contrary, a district judge from one district who holds court or disposes of judicial business in another district has acted upon proper invitation and within his jurisdiction.

4. Where a chattel mortgagor is permitted to retain possession of a stock of goods and dispose of it in the ordinary course of trade without applying the proceeds to the payment of the mortgage debt, the mortgage is void as to attaching creditors, but if the mortgagee take possession of the property with the consent of the mortgagor before rights of creditors attach, if the mortgage is valid between the parties, such possession is valid and may be maintained and the property sold under the provisions of the mortgage, and this is equally true as to after-acquired property covered by its terms.

[As to the effect of allowing the mortgagor to retain possession and sell the property, see note in 15 Am. St. 912.]

5. Where a chattel mortgagee takes possession of the mortgaged property within the four months' period prescribed by sec. 60a of the national bankruptcy act under the terms of a mortgage valid

Argument for Appellants.

between the parties and given in good faith prior to the four months' period, the act of taking possession is not a voidable preference or transfer within the meaning of said section.

6. The provisions of sec. 47a, as amended, of the national bankruptcy act, giving general creditors the status of creditors holding liens by legal or equitable process, do not militate against the foregoing rule, for the reason that such status does not arise until the petition in bankruptcy is filed.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Presiding Judge.

Action by trustee in bankruptcy to have a chattel mortgage decreed null and void and recover the reasonable value of the mortgaged property from the mortgagees and sheriff, who sold the property under notice and sale foreclosure. Judgment for plaintiff. *Reversed.*

Daniel Needham, for Appellants.

This action was "pending" in the district court of the tenth judicial district for Nez Perce county at the time of the rendition of said decree. The decision, decree and judgment therein were rendered and "determined" Aug. 3, 1917, by the Hon. Edgar C. Steele, judge of the second judicial district, and are erroneous, illegal and void for want of jurisdiction. (*Manning v. Mathews,* 66 Iowa, 675, 24 N. W. 271; *Hull v. Chicago, B. & P. R. Co.,* 65 Iowa, 713, 22 N. W. 940; *Smith v. Tosini,* 1 S. D. 632, 48 N. W. 299; *Reed v. Worland,* 64 Ind. 216; *Brown v. Kimball,* 4 Kan. 422; *Parker v. Shropshire,* 26 La. Ann. 37; *Ketcham v. Hill,* 42 Ind. 64; *McKeen v. Boord,* 60 Ind. 280; 1 Cyc. 715.)

The taking possession by the mortgagee after conditions broken within a period of four months prior to the filing of the petition against the mortgagor is not preference. (*Thompson v. Fairbanks,* 196 U. S. 516, 25 Sup. Ct. 306, 49 L. ed. 577; 21 Remington on Bankruptcy, p. 1124; *Anderson v. J. O. & N. B. Chenault,* 208 Fed. 400, 125 C. C. A. 616; Collier on Bankruptcy, 11th ed., pp. 1063, 1064; *Woods v.*

*Klein,* 223 Pa. St. 256, 257, 72 Atl. 523, 528, 22 A. B. R. 722; citing *Metcalf Bros. & Co. v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, 47 L. ed. 122, 9 A. B. R. 36; *Davis v. Billings,* 254 Pa. St. 574, 99 Atl. 163, 38 A. B. R. 957.)

Fred E. Butler, for Respondent, filed no brief.

BUDGE, J.—This is an action by a trustee in bankruptcy to have a chattel mortgage decreed null and void and to recover the property or the sum of $1,800, its alleged reasonable value, from the chattel mortgagees and the sheriff of Nez Perce county, who had taken possession of and sold the property under a notice and sale foreclosure. Judgment was entered in accordance with the prayer of the complaint. This appeal is from the judgment.

This action was begun in the second judicial district in Nez Perce county and was tried by and submitted to the Honorable Edgar C. Steele, judge of said district, on December 8, 1916. On March 7, 1917, House Bill No. 13, chap. 21, Sess. Laws 1917, p. 50, creating the tenth judicial district and placing Nez Perce county therein, went into effect. Honorable Wallace N. Scales was appointed judge of the latter district and qualified and entered upon the duties of his office in April, 1917. On August 3, 1917, Judge Steele rendered the decision in the case and entered his decree and judgment. It is contended that the judgment is illegal and void for want of jurisdiction, for the reason that Nez Perce county, in which the action was pending, was no longer in Judge Steele's district at the time of the rendition thereof. In support of this contention, reliance is placed chiefly upon sec. 4 of the act creating the tenth judicial district, which section reads as follows:

"Sec. 4. All actions and proceedings pending in the District Court for Idaho, Lewis and Nez Perce Counties shall be continued, tried and determined in the Tenth Judicial District and by the judge thereof as if commenced therein."

The validity of the judgment, however, cannot be determined solely by reference to the foregoing statute.

Article 5, sec. 12, of the constitution of Idaho, provides:

"Sec. 12. . . . . A Judge of any District Court may hold a District Court in any county at the request of the Judge of the District Court thereof, and upon the request of the Governor it shall be his duty to do so; . . . . "

C. S., sec. 6492, is to the same effect.

The record is silent as to whether Judge Steele was requested, either by Judge Scales or the Governor, to hold court, and in doing so continue in charge of the case and finally dispose of it. This court has recently had a similar question before it, in *Application of Allen,* 31 Ida. 295, 170 Pac. 921. At page 300 in the Idaho Report we said:

"In the case of *State v. Holmes,* 12 Wash. 169, 40 Pac. 735, 41 Pac. 887, it was held that where neither the constitution nor the statutes make provision for spreading upon the record the fact that the visiting judge had been called to hold court either by the Governor or by the judges in the county where the term of court is held, 'it follows that the superior courts, being courts of general jurisdiction, it will be presumed that the court in each instance acted within its jurisdiction in the absence of an affirmative showing to the contrary,' and in our opinion this affirmative showing must appear in the record."

*State v. Lottridge,* 29 Ida. 53, 155 Pac. 487, also quoted from with approval in the Allen case, and other cases reviewed in the foregoing opinion, are in point so far as the principle involved is concerned.

There can be no question but that a district judge from one district may preside in another district under certain circumstances. This is apparent from a reading of the constitutional provision above quoted. The presumption is that a court of general jurisdiction has acted within its jurisdiction. This presumption embraces another presumption, which, in the absence of any affirmative showing in the record to the contrary, is controlling, and that is that since an appropriate invitation either from the judge of the district or from the Governor would have conferred the requisite authority, such invitation had been extended. (*People v. Ah Lee Doon,* 97 Cal. 171, 31 Pac. 933; *Application of Allen, supra.*) We,

therefore, hold that the judgment appealed from is not void for want of jurisdiction.

This brings us to a consideration of the question whether the judgment can be sustained upon the merits. It will be remembered that this is an action by the trustee in bankruptcy to have a chattel mortgage declared void and to recover for the bankrupt's estate either the property covered by the mortgage or its alleged value, the mortgagee having taken possession of the property under the terms of the mortgage and having sold it under a notice and sale foreclosure. The property in question consists of a stock of goods, wares, merchandise and fixtures, which was sold by appellant G. F. Walker to Geo. O. Berreman, the bankrupt, the former taking a chattel mortgage from the latter on May 24, 1912, to secure the balance of $1,000 due upon the purchase price. This mortgage was later assigned to G. F. Walker and M. M. Parks, partners doing business as Walker & Parks. The mortgage was not recorded until January 28, 1915. The mortgagee took possession of the property under the terms of the mortgage September 8, 1915, and a petition in bankruptcy was filed September 13, 1915, and on the same day the petitioner was adjudged a bankrupt.

The following provisions of the chattel mortgage are pertinent:

"All the tools and stock of goods now and that may be bought from time to time and kept in stock in the harness store and shop, and the said G. O. Berreman agrees to keep and have on hand at least enough goods to invoice at cost price $1,000,—said tools and stock to be kept in the Village of Peck, Nez Perce Co., Idaho.

"On failure to pay any sum secured hereby when due, . . . . or if mortgagee or any holder hereof shall feel insecure then mortgagee or any holder hereof may take possession of said mortgaged property and foreclose this mortgage. . . . . "

The evidence shows that the mortgagor was permitted to and did sell goods out of the stock in the ordinary course of trade without applying the proceeds upon the payment of

the mortgage debt, and further shows that prior to the time the mortgagee took possession, he was advised by the mortgagor that the latter would be unable any longer to keep the stock up to the agreed invoice at cost price of $1,000.

While it has been held that where a chattel mortgagor is permitted to retain possession of a stock of goods and dispose of it in the ordinary course of trade, without applying the proceeds to a payment of the mortgage debt, such mortgage is void as to attaching creditors of the mortgagor (*Lewiston National Bank v. Martin*, 2 Ida. 734, 23 Pac. 920), it has also been held that where a mortgagee takes possession of the property with the consent of the mortgagor before rights of creditors attach, the mortgagee is exempt from the application of the above rule, and if the chattel mortgage is valid between the parties, the possession of such mortgagee is valid and may be maintained and the property sold under the provisions of such mortgage (*First National Bank of St. Anthony v. Steers*, 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225; *Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427; *Neustadter Bros. v. Doust*, 13 Ida. 617, 92 Pac. 978; *Martin v. Holloway*, 16 Ida. 513, 102 Pac. 3, 25 L. R. A., N. S., 110), and this would be equally true as to after-acquired property covered by the terms of the mortgage. (*Dover Lumber Co. v. Case et al.*, 31 Ida. 276, at 285, 170 Pac. 108; *In re National Valve Co.*, 140 Fed. 679–681; 11 C. J. 436, note 32; *Fisher v. Zollinger*, 149 Fed. 54, 79 C. C. A. 76, 17 A. B. R. 610; *Akers v. Rowan*, 33 S. C. 451, 12 S. E. 165, 10 L. R. A. 705.)

It is not contended there were any attaching creditors or any creditors who had acquired a specific right in or lien upon the property prior to the time that the mortgagee took possession thereof. Neither is the *bona fides* of the transaction involving the execution of the mortgage questioned. It follows, under the foregoing authorities, that the rights of the mortgagee cannot be questioned unless his taking possession within four months of the filing of the petition in bankruptcy amounts to a voidable preference under the national bankruptcy act.

The rule is well established that where a chattel mortgagee takes possession of the mortgaged property within the four months' period prescribed by sec. 60a of the national bankruptcy act, under the terms of a mortgage valid between the parties and given in good faith prior to the four months' period, the act of taking possession is not a voidable preference or transfer within the meaning of said section. (2 Remington on Bankruptcy, 2d ed., p. 1222, sec. 1370; *Sexton v. Kessler & Co.*, 225 U. S. 90, 32 Sup. Ct. 657, 56 L. ed. 995, 28 A. B. R. 85, affirming the same case, 172 Fed. 535, 97 C. C. A. 161, 40 L. R. A., N. S., 639, 21 A. B. R. 807; *Thompson v. Fairbanks*, 196 U. S. 516, 517, 25 Sup. Ct. 306, 49 L. ed. 577; *Fisher v. Zollinger, supra;* Collier on Bankruptcy, 11th ed., 873; *In re Automobile Livery Service Co.*, 176 Fed. 792, 23 A. B. R. 199; *Bailey v. Baker Ice Machine Co.*, 239 U. S. 268, 36 Sup. Ct. 50, 60 L. ed. 275; *Anderson v. J. O. & N. B. Chenault*, 208 Fed. 400, 125 C. C. A. 616.)

The rule is based upon the theory that such a mortgage, constituting a valid and binding contract between the parties, must be given effect according to their intention; that it is already obligatory upon them and continues to be so until fully executed, and that in taking possession in pursuance of its provisions the mortgagee exercises a right belonging to him thereunder. (*Fisher v. Zollinger, supra.*)

Nor do the provisions of sec. 47a, as amended, of the national bankruptcy act, giving general creditors the status of creditors holding liens by legal or equitable process, militate against the rule, for the reason that, as stated by the supreme court of the United States, such status of the general creditors does not arise until the petition in bankruptcy is filed. (*Bailey v. Baker Ice Machine Co., supra; Anderson v. Chenault, supra;* 2 Remington on Bankruptcy, 2d ed., p. 1124, sec. 1270, 3/10.)

The contrary rule seems to prevail only in those jurisdictions which hold that a chattel mortgage of merchandise stock under which the mortgagor is permitted to retain possession and sell without accounting to the mortgagee for the proceeds

is fraudulent in fact and void *ab initio.* (*Schaupp v. Miller,* 206 Fed. 575.) As already observed, the rule is otherwise in this jurisdiction.

The decision of the district court that the mortgage was null and void is erroneous. The judgment is reversed. Costs awarded to appellant.

Morgan, C. J., and Rice, J., concur.

Petition for rehearing denied.