## PATNOTT v. SIMPSON & CO.

### In re SIMPSON.

Circuit Court of Appeals, Ninth Circuit. November 12, 1929.

No. 5836.

Turner K. Hackman, of Twin Falls, Idaho, for appellant.

Harry Benoit, of Twin Falls, Idaho, for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an appeal from an order in bankruptcy directing that the receiver in bankruptcy pay to the appellee the amount due upon its chattel mortgage from the proceeds of the receiver's sale of a stock of merchandise and fixtures cov-

ered by the mortgage. The question presented by the appeal of the trustee in bankruptcy is as to the validity and effect of the mortgage as against the mortgagee's creditors.

The mortgage was dated June 12, 1928, but was executed and recorded July 5, 1928, to secure $2,800 already owing to the appellee and an additional loan of $1,200 then made. The trial court correctly decided that there was no actual fraudulent intent to delay, hinder, or defraud creditors. The mortgage contemplated the continuation of the retail grocery business conducted by the mortgagor and bankrupt. The latter therein agreed to keep his stock replenished, and thus by clear implication that the mortgage should cover the stock of goods thus replenished. The mortgagor paid monthly $333 as agreed for several months, but failed to pay anything in November and also December and during December suffered his stock to be depleted. Thereupon the mortgagee instituted proceedings for foreclosure of the mortgage and thereafter on January 17, 1929, took possession of the mortgaged property with the consent of the mortgagor. Four days later a petition in bankruptcy was filed, sale under the chattel mortgage enjoined, and sale by the receiver ordered without prejudice to the mortgagee's claim to the proceeds of the sale.

█ █ Under the decisions of the Supreme Court of Idaho, the lien of a chattel mortgage upon after-acquired property is valid between the parties when so agreed in the mortgage, and is also valid as to the general creditors of the mortgagor when the mortgagee takes possession of the property before the creditor secures a lien by attachment. Kettenbach v. Walker, 32 Idaho, 544, 186 P. 912. So far as that decision declares the law of Idaho it is controlling upon us. In re Hickerson (D. C.) 162 F. 345; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatum, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956. The only federal question is as to whether or not the taking of possession by the chattel mortgagee within four months of the bankruptcy proceedings constituted a preference within the meaning of section 60a of the National Bankruptcy Act (11 USCA § 96(a) and that question has been settled in the negative by our Supreme Court. Sexton v. Kessler & Co., 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; and see other cases cited by the Supreme Court of Idaho in its opinion in Kettenbach v. Walker, supra.

█ Appellant's position is that the mortgage is void under section 5432 of the Idaho Compiled Statutes 1919 making trusts for the debtor void as to his creditors. Even if we saw any merit in this claim, which we do not, the above decision of the Idaho Supreme Court settles the question adversely to the appellant's contention. Appellant further claims that during the period between the giving of the mortgage, which, under the decision of the Idaho Supreme Court in Lewiston National Bank v. Martin, 2 Idaho (Hasb.) 734, 23 P. 920, was void as to creditors, and the taking of possession of the mortgaged property by the mortgagee, that is, from July 5, 1928, to January 17, 1929, in the case at bar, the mortgagee must account for or be charged with the proceeds of the sales of the mortgaged property made in due course of business. It is sufficient to say that the creditors represented by the trustee, not having secured a lien on the property before the mortgagee secured possession, are not in a position to raise that question. As to them as well as to the parties thereto the mortgage is valid ab initio. The creditors had due notice of the mortgage and of its provisions by the recordation thereof. The claim made here that the mortgagee must be charged with the value of the merchandise sold during the life of the mortgage has no basis in the mortgage which controls the rights of the parties, and creditors, after the possession of the mortgagee. To claim that the mortgagee must be charged with the value of the mortgaged property sold by the mortgagor before the mortgagee took possession is merely to claim in another form that the mortgage is invalid to that extent on the after-acquired property.

The decree is affirmed.