## Cawood's Trustee in Bankruptcy v. Pope et al.

(Decided November 18, 1930.)

H. H. FUSON, B. B. SNYDER and GUS B. BRUNER for appellant.

C. B. SPICER and J. B. SNYDER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In the case of Hood v. Pope et al., 233 Ky. 749, 26 S. W. (2d) 1043, it was held that the mortgage executed to Charles H. Pope by G. T. Cawood was a valid mortgage, and that it took precedence over the lien granted by the levy of an execution in favor of Sid Lewis on the same property. Lewis had obtained a judgment against Cawood for $4,000, and execution had been placed in the hands of the sheriff before the execution of the mortgage to Pope, but it was held in that case that the execution created no lien on the property because the sheriff was directed to hold the execution without levying it, and that mortgage to Pope was executed and delivered before the sheriff was directed to levy the execution. We shall not go into the questions decided in that case.

The only question left open was whether the proceeds of the sale of the property mortgaged, to wit, a stock of goods, should be paid to Pope in satisfaction of his mortgage, or whether the trustee in bankruptcy should collect and distribute the proceeds. Cawood became a bankrupt by adjudication before the expiration of four months after the levy of the execution.

Proof was taken attempting to show that the mortgage was executed without a present, valid consideration at the time of its execution, or to show that Pope had knowledge or information of the insolvency of Cawood at the time the mortgage was executed. The evidence established that the mortgage was executed for a present, valid consideration at the time of its execution and delivery, and that it was recorded immediately after its delivery. It is true that some doubt was cast upon the validity of the transaction, but upon the whole case we are of the opinion that the judgment of the chancellor upholding the validity of the mortgage, and that it was executed in consideration of $2,500, loaned to Cawood at the time, is upheld by the evidence. It is true the mortgage was executed within four moths of the adjudication that Cawood was a bankrupt, but, as there was a present, valid consideration which passed at the time of the execution and delivery of the mortgage, and as the evidence shows that Pope had no knowledge or information

of the insolvency of Cawood at the time its validity was not affected by the adjudication that Cawood was a bankrupt. Anderson v. J. O. & N. B. Chenault, (C. C. A.) 208 F. 400; Id., 235 U. S. 700, 35 S. Ct. 201, 59 L. Ed. 432.

The chancellor, therefore, properly adjudged that the debt of Pope should be paid out of the proceeds of the fund realized from the sale of the mortgaged property.

As the execution was levied on the property within four months of the time that Cawood was adjudicated a bankrupt, the chancellor properly held that the balance of the fund should be paid to the trustee in bankruptcy.

Judgment affirmed.