**COURTNAY v. BRENNEMAN, United States Marshal.**

(Fourth Division. Fairbanks. April 10, 1920.)

No. A–174.

**1. Chattel Mortgages ⬅164—Fraud.**

The chattel mortgage in this case covered personal property acquired after the date of the execution of the instrument, and permitted removal of stock in the course of the retail business conducted by the mortgagor, with no provision that the proceeds of the sale of the mortgaged property shall go toward the liquidation of the indebtedness secured. Section 740, Compiled Laws of Alaska 1913. *Held*, as between the administrator of the mortgagor's estate and the mortgagee, the mortgage was not void for fraud.

**2. Chattel Mortgages ⬅92—Recording.**

An unrecorded chattel mortgage is good as between the mortgagor and mortgagee.

**3. Abatement and Revival ⬅56—Executors and Administrators ⬅155—Chattel Mortgage—Foreclosure after Mortgagor's Death.**

Where a mortgagor gives a chattel mortgage on his stock of goods, which mortgage provides for a summary foreclosure and sale by the marshal for failure to pay the mortgage, and makes such failure, *held*, the mortgagee cannot be precluded from the right given him by statute to subject the mortgaged chattels to a summary foreclosure, because the mortgagor has died and his estate is in the course of administration.

This is an action wherein the plaintiff seeks to recover from the defendant the sum of $2,600.84 as damages for the

---

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

unlawful conversion of certain personal property alleged to belong to the estate of Charles Peters, deceased.

The plaintiff is the duly appointed, acting, and qualified administrator of the estate of Charles Peters, deceased, under appointment by the probate court for the Knik precinct. After the death of the said Peters, and on August 16, 1918, the plaintiff, Courtnay, was appointed a special administrator, and on the 12th of November, 1918, was appointed general administrator, of the estate. The estate consisted principally of certain store buildings and a general stock of merchandise located at Chickaloon, in the Knik precinct, upon which the deceased, on the 6th of October, 1917, gave a chattel mortgage to the Bank of Anchorage as security for the payment of a note dated October 6, 1917, for $1,000, bearing interest at 12 per cent. per annum, and due 90 days from date. This chattel mortgage was duly filed with the recorder of the Knik precinct October 8, 1917. On August 21, 1918, the Bank of Anchorage gave notice in writing to the administrator that there was due on that date the sum of $610 on the above note, and that the same was secured by chattel mortgage filed as aforesaid.

Although there are some irregularities disclosed by the record in the manner of presenting claims to the administrator, the record shows that on April 16, 1919, the administrator petitioned the probate court for an order of sale of the personal property of the estate, and in his verified petition sets forth that he has examined and approved the claim of the Bank of Anchorage in the sum of $610, and that it is secured by chattel mortgage on file with the recorder of the Knik precinct.

On the 29th of May, 1919, the Bank of Anchorage assigned the note and chattel mortgage to one J. C. Probst, who on June 25, 1919, procured the defendant to take possession of the mortgaged chattels, advertise the same for sale, and sell the same at Chickaloon July 7, 1919. To the action and contemplated action of the defendant the plaintiff entered his protest in writing June 30, 1919. Probst became the purchaser at the sale, and purchased the store building and merchandise therein contained for the sum of $250. There seems to have been some question in the mind of the marshal as to exactly what personal property was covered

by the chattel mortgage, and the return, as well as the evidence, shows that "the store building and merchandise therein contained" was all of the personal property of the estate that the defendant undertook to sell. It is admitted that the estate is hopelessly insolvent. The evidence discloses that the administrator took possession of the mortgaged chattels forthwith, upon taking his oath of office and qualifying, and retained them in his possession until June 25, 1919.

Conroy & Rager, of Anchorage, for plaintiff.
Arthur Frame, of Anchorage, for defendant.

BUNNELL, District Judge. Plaintiff's first contention is that the chattel mortgage is void, because it covers personal property acquired after October 6, 1917, the date of execution of the instrument, and permits removal of stock in the course of the retail business conducted by the mortgagor, with no provision that the proceeds of the sale of the mortgaged property shall go towards the liquidation of the indebtedness secured. As between the parties the chattel mortgage is valid. Fraud is not pleaded. It is not shown by the evidence to have existed, and will not be presumed. Section 559, Compiled Laws of Alaska; 5 Rul. Case Law, § 68, pp. 434, 435, and cases cited.

It is further contended by the plaintiff that the mortgage is void as against the general creditors of the estate, because no affidavit of renewal was filed with the recorder of the precinct within the period of 30 days next preceding the expiration of the term of one year from the date of filing the chattel mortgage. Section 744, Comp. Laws Alaska, 1913. At the time of the death of Peters, the period of 30 days just mentioned had not begun to run. This contention cannot be sustained, for as between the parties the mortgage was valid, whether filed or unfiled. In the present instance it had been filed, and a year had not elapsed since the date of the filing. The rights of creditors are to be determined as of the date of the death of the deceased. The necessity for filing a renewal affidavit did not arise. Blackman et al. v. Baxter, Reed & Co. et al., 125 Iowa, 118, 100 N. W. 78, 70 L. R. A. 250, 2 Ann. Cas. 707.

The next contention is that the administrator, having taken into his possession the assets of the insolvent estate, in-

cluding the personal property covered by the chattel mortgage, can, acting as trustee for the creditors, retain such possession and contest the right of the mortgagee under the provisions of Section 749, Comp. Laws Alaska 1913. The mortgage provides:

"But if the mortgagor shall fail to make any payments as in said promissory note or this mortgage provided, or if the said mortgagor shall remove or attempt to remove the said mortgaged property, or any part thereof, from Chickaloon, Alaska, except as may be removed in the course of his retail business, then, at the request of the lawful holder of said note and mortgage the United States marshal of any judicial division of the territory of Alaska may take possession of said mortgaged property and proceed to advertise and sell the whole or any part thereof wherever it may be, in the manner provided by law for the sale of personal property upon execution and apply the proceeds of said sale, after deducting his own proper costs, charges and expenses in liquidation of the amount due upon said note, including attorney's fees therein provided, and the surplus, if any there be, shall be paid to the mortgagor."

There are two lines of decisions on this question. In section 240 of Jones on Chattel Mortgages, Fifth Edition, the author states the Ohio rule, which seems to be followed by Missouri, Iowa, Wyoming, and New Jersey. The plaintiff relies upon the Ohio rule. As opposed to this rule it is stated in section 240 above as follows:

"Against this view it seems a sufficient answer that a general creditor cannot question the validity of an unfiled mortgage until he has obtained a lien upon it by attachment or execution. Until he has seized the property by some process of law, the unfiled mortgage upon it is equally as valid against the mortgagor's creditor as it is against the mortgagor himself. The mortgagor's death gives no specific lien upon his property in favor of a general creditor. The property passes to the personal representative as the mortgagor left it. One who was a mere general creditor before the death remains such after it. His position with respect to other creditors remains unchanged. He and they have the same right, through the intervention of an administrator, to subject to the payment of their debts, if necessary, all the property of their debtor which has passed to his heirs, devisees, or legatees. This right, which constitutes the only lien which a general creditor has upon the estate of his deceased debtor, is acquired by no act of diligence on the part of the creditor; it arises from no act of the debtor, but from the laws that make the property he has at the time of his death subject to the payment of his debts. This right of the general creditor is limited to the property that passes; and it is

limited also to the property in the condition in which it passes, subject to the incumbrances and liens placed upon it by the debtor." Aultman Engine & Thresher Co. v. Young, 25 S. D. 212, 126 N. W. 245, Ann. Cas. 1912B, 1101; 6 Cyc, 1104.

Sections 1704 and 1705, Compiled Laws of Alaska, do not prescribe a procedure by means of which the mortgagee can enforce the lien of his chattel mortgage. They define a right by virtue of having a lien upon specific property, and direct the method of applying the proceeds of the sale of property impressed with a lien in satisfaction of a debt thereby secured, in the event the mortgaged chattels are permitted to remain in the hands of the executor or administrator and are sold by him under the order of the probate court. The mortgagee cannot be precluded from the right given him by statute to subject the mortgaged chattels to a summary foreclosure, because the mortgagor has died and his estate is in the course of administration.

The contentions that the property was not sufficiently described in the mortgage, and that the sale was not conducted in the manner prescribed by law, are not sustained by the evidence. The action is dismissed.

⬥See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes