482

**DYSART v. VON SEGERLUND et al.**

No. 9576.

Circuit Court of Appeals, Ninth Circuit.

March 22, 1941.

Francis F. Quittner and Michael Rudolph, both of Los Angeles, Cal., for appellant.

L. H. Phillips and Rupert B. Turnbull, both of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree adjudging appellant, Stella Dysart, an involuntary bankrupt.

Three petitions were filed against appellant: One (hereafter called the original petition) by Hugo Von Segerlund, Florence Kee Brown and James Berry on January 4, 1940; one (hereafter called the supplemental petition) by Hugo Von Segerlund, Alice Von Segerlund, Silas Whitcomb, John A. Frear and H. D. Nichols on January 24, 1940; and one (hereafter called the amended petition) by Hugo Von Segerlund, Alice Von Segerlund, Florence Kee Brown, Silas Whitcomb and H. D. Nichols on March 25, 1940. Appellant answered each petition and, in each of her answers, prayed that the proceeding be dismissed. Trial by jury having been waived, the court heard the case and, on March 26, 1940, entered its decree adjudging appellant an involuntary bankrupt. This appeal followed.

Section 3 of the Bankruptcy Act, 11 U.S.C.A. § 21, provides:

"a. Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, removed, or permitted to be concealed or removed any part of his property, with intent to hinder, delay, or defraud his creditors or any of them; or (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property; or (4) made a general assignment for the benefit of his creditors; or (5) while insolvent or unable to pay his debts as they mature, procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver or trustee to take charge of his property; or (6) admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt.

"b. A petition may be filed against a person within four months after the commission of an act of bankruptcy. * * *"

There is no evidence that appellant, within four months next preceding the filing of the original petition, the supplemental petition or the amended petition, committed any of the acts which § 3, sub. a, declares to be acts of bankruptcy. There is evidence that appellant suffered or permitted a creditor, Mary T. Christensen, to obtain a judgment against her in 1937, and that she suffered or permitted another creditor, E. H. Youngblood, to obtain a judgment against her in 1938; and we assume, without deciding, that Christensen and Youngblood thereby obtained liens upon appellant's property;[1]

---

[1] Both judgments were obtained in New Mexico. Whether, in New Mexico, a judgment is a lien upon the judgment debtor's property is a question which counsel have not seen fit to discuss.

but there is no evidence that appellant was insolvent when said liens, if any, were obtained. Furthermore, said liens were obtained, if at all, long prior to the commencement of the four-months period specified in § 3, sub. b.

There is evidence that appellant suffered or permitted an execution to be issued on the Christensen judgment on November 21, 1939, and that the execution was levied upon certain of her property on December 13, 1939; and we assume, without deciding, that Christensen thereby obtained a lien upon the property so levied upon;[2] but there is no evidence that the lien was not vacated or discharged within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of the property. Compare Citizens' Banking Co. v. Ravenna National Bank, 234 U.S. 360, 363–369, 34 S.Ct. 806, 58 L.Ed. 1352.

Decree reversed.

---

[2] This question, also, counsel for all parties have chosen to ignore.