## In re HUTCHINGS.
### No. 178.

United States District Court
D. Alaska.   First Division.
Jan. 17, 1949.

Henry Roden, of Juneau, Alaska, Morris Robbins, of Seattle, Wash., and William L. Paul, Jr., of Juneau, Alaska, for petitioners.

Mildred R. Herman, of Juneau, Alaska, for respondent.

FOLTA, District Judge.

The petition, filed December 27, 1948, and dismissed as to the debtor Merritt, alleges that the debtor Hutchings, within four months of the filing thereof, suffered and permitted, while insolvent, one of his creditors, the B. N. Behrends Bank, to obtain a lien upon the stock in trade and assets of his business through legal proceedings, the nature of which is alleged, upon information and belief, to be a chattel mortgage foreclosure in the course of which the said property was seized by the mortgagee and subsequently advertised for sale; that the mortgage is fraudulent and void under local law and, hence, of no effect as against petitioners and other creditors; and that the lien so obtained was not vacated or discharged at the time of the filing of the petition or within thirty days from the date the lien was obtained or at least five days before the date set for the sale of the property affected.

For the second act of bankruptcy it is alleged that the debtor conveyed, transferred and concealed a substantial part of his property to his wife, with intent to hinder, delay and defraud his creditors.

The answer denies not only the allegation of insolvency but also that any act of bankruptcy was committed.

The statement incorporated in the debtor's brief shows, as of December 9, 1948, assets and liabilities totaling, after correction of manifest errors, $47,826.18 and $47,242.53 respectively. But it is noted that the debtor's personal exemption of $500.00, under Sec. 55-9-78, A.C.L.A. 1949, is listed as an asset; that the groceries and meat are valued at retail; and that, although it was agreed upon the hearing that the account of the Southeastern Logging Company should be valued at 50%, not only does the item of Accounts Receivable include the account in question at its full

value of $1542.58 but also the stipulated value erroneously computed at $776.29 instead of $771.29. This error alone reduces the assets to $46,283.60 and requires a finding of insolvency as of December 9, 1948. It therefore becomes unnecessary to pass upon the other items questioned by the petitioners.

The second act of bankruptcy alleged is that defined in 11 U.S.C.A. § 21, sub. a(1):

Sec. 21, sub. a. "Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, removed, or permitted to be concealed or removed any part of his property, with intent to hinder, delay, or defraud his creditors or any of them".

Upon the hearing, at which the debtor produced his books and records, it was proved that on November 29, 1948, he conveyed his half-interest in what has been referred to as the Point Louisa property, consisting of a home valued at approximately $4,000.00, to his wife in consideration of $2,100.00 due her on a note for a loan made to the debtor's business in 1946 in the amount of $3,000.00. However, in the statements of assets and liabilities incorporated in the briefs of the parties and reflecting their interpretation of the evidence, it is noted that the debtor's half-interest in this property is listed as an asset and the balance due to his wife on the note referred to as a liability. This would appear to be an abandonment of the second act of bankruptcy alleged and will be so treated by the Court.

As to the first act of bankruptcy alleged, it would seem that petitioners have misconceived the legal nature of the transaction upon which this alleged act of bankruptcy is based. Section 21, sub. a(3), Title 11 U.S.C.A. provides:

"Acts of bankruptcy by a person shall consist of his having (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property through legal proceedings and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property".

The evidence relating to this transaction is that the debtor and his former partner on December 1, 1946, gave a chattel mortgage on the entire business to secure a debt, evidenced by a note for $20,000.00, executed contemporaneously therewith and payable in six months thereafter. Although no payments were made on the principal, the mortgage was not renewed, apparently through an oversight, but on October 14, 1948, the debtor gave the bank another chattel mortgage to secure the same debt. On December 9th, acting under a provision of the mortgage conferring that power, the mortgagee took possession of and closed the entire business of the debtor and is now engaged in liquidating it. This would not seem to constitute the act of bankruptcy defined in the section quoted because, manifestly, there was no legal proceeding. 11 U.S.C.A. § 107, sub. a(1); Citizens' Banking Co. v. Ravenna Nat. Bank, 234 U.S. 360, 34 S.Ct. 806, 58 L.Ed. 1352; In re Rome Planing Mill, D.C., 96 F. 812, 815; Garrison v. Johnson, 10 Cir., 66 F.2d 227, 229; Moses v. Labofish, 76 U.S.App. D.C. 401, 132 F.2d 16, 17. The lien, if any, was obtained not through any legal proceeding or the seizure of the business but was created by the agreement of the parties on October 14, 1948. But assuming that a lien was obtained, the debtor had until January 16, 1949, to vacate or discharge it. The failure to discharge or vacate a lien is, under Sec. 21, sub. a(3), an essential element of the second act of bankruptcy alleged to have been committed by the debtor, and a failure to prove it is fatal. Citizens' Banking Co. v. Ravenna Nat. Bank, 234 U.S. 360, 34 S.Ct. 806, 58 L.Ed. 1352; Dysart v. Von Segerlund, 9 Cir., 118 F.2d 482, 483.

I am of the opinion, therefore, that there is a variance between the allegation and the proof. The petitioners are allowed fifteen days from the filing of this opinion in which to apply for leave to amend to conform to the proof, in default of which an order may be presented for the dismissal of the petition.