**PAUL v. B. M. BEHRENDS BANK.**

No. 6249–A.

United States District Court. Alaska.
First Division. Juneau.

Dec. 20, 1950.

Wm. L. Paul, Jr., Juneau, Alaska, for plaintiff.

R. E. Robertson, Juneau, Alaska, for defendant.

FOLTA, District Judge.

This is a suit by the trustee in bankruptcy to recover the fair equivalent value of certain property of the bankrupt's estate, which has been seized and sold by the defendant under provisions of chattel mortgages which the trustee contends are fraudulent and void or at least preferential transfers under the Bankruptcy Act, 11 U. S.C.A. § 1 et seq.

The first mortgage was executed December 3, 1946 to secure a present loan of $20,000 and although nothing had been paid on the principal, the statutory period was allowed to expire June 3, 1948, without the filing of a renewal affidavit. Upon the discovery of this oversight, another mortgage, to secure the same debt, was executed, and filed for record, October 14, 1948. On December 9, 1948, after learning the previous day that the debtor was threatened with an action for past due rent and after refusing a further loan, the bank, acting pursuant to a provision in the mortgage, took possession of the entire business, not to cure any defect in the mortgage or the lien, but for the purpose of sale to satisfy its lien. On January 21, 1949, the bank bid in the business for $7500 and, thereafter, in a debt action, attached, and upon judgment for $10,602.22, sold property not specifically described in the mortgage—the furniture, fixtures, office equipment and trucks—for $1285.

On December 27, 1948, an involuntary petition in bankruptcy was filed. On February 5, 1949, the debtor was adjudged a bankrupt, In re Hutchings, D.C., 81 F. Supp. 505, and on August 15, 1950, the referee approved claims of creditors aggregating $19,564.09.

So far as pertinent to this controversy, the mortgages are identical except that the later mortgage is for an antecedent debt and recites a further consideration of forbearance of suit to foreclose the first mortgage. In each, the mortgagor was author-

250

ized to remain in possession, sell the stock in the ordinary course of trade, and required to "account every 60 days to the mortgagee", but neither requires the application of the proceeds, nor any part thereof, from sales of the stock in satisfaction of the mortgage debt, and at the trial it was proved that no payment had been made on the principal.

It is difficult to determine to what extent the bank relies on each mortgage but, of course, it is entitled to whatever advantage or protection inures to it under either.

Section 22-6-2 and 6, A.C.L.A. 1949, provide that:

"A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith for value, unless—(1) The possession of such property be delivered to and retained by the mortgagee; or (2) The mortgage provide that the property may remain in the possession of the mortgagor and be accompanied by an affidavit of all the parties thereto, * * that the same is made in good faith to secure the amount named therein, and without any design to hinder, delay, or defraud creditors, * * *."

"Every mortgage of personal property or conveyance intended to operate as a mortgage of personal property shall be void as against creditors of the person making the same and against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the date upon which the indebtedness secured thereby becomes due, unless within thirty days next preceding the expiration of one year after the date upon which such indebtedness becomes due, the mortgagee, his agent, attorney or assignee, shall make and file with the recorder of the precinct in which such mortgage is on file, an affidavit setting forth the interest which the mortgagee or assignee has by virtue of such mortgage in the property therein described, at the time such affidavit is made; * *."

I am of the opinion that both mortgages are void under the rule that when it appears, either upon the face of the mortgage or by parol evidence aliunde, that a mortgagee of personal property has given the mortgagor power and authority to dispose of the mortgaged property and apply the proceeds to his own use, or as he sees fit, the mortgage is void as to creditors and, a fortiori, the trustee in bankruptcy, even though there was no fraudulent intent on the part of either of the parties to the instrument. The failure to require under the terms of the mortgage or otherwise the application of any part of the proceeds from the sales of the mortgaged property to the mortgage debt amounts to a reservation of dominion over the mortgaged property by the mortgagor which is inconsistent with the effective disposition of title by, and the creation of the lien in favor of, the mortgagee and which conclusively imputes fraud. Benedict v. Ratner, 268 U.S. 353, 363-364, 45 S.Ct. 566, 69 L.Ed. 991; Means v. Dowd, 128 U.S. 273, 283, 287, 9 S.Ct. 65, 32 L.Ed. 429; In re Minkove, 6 Alaska 68, 72-73; Scandinavian-American Bank v. Sabin, 9 Cir., 227 F. 579, 582-584; 3 Collier's on Bankruptcy, Section 60.42.

The evidence with reference to value of the property seized, attached and sold is very meager and unsatisfactory and from a full consideration thereof, I have no alternative except to hold that the reasonable value of the furniture, fixtures and trucks, the sale of which is void because made pursuant to a judgment in a suit filed after bankruptcy, was $1285 and of the meat and groceries $7500.

Accordingly, I conclude that the trustee is entitled to a judgment (1) For $8785; (2) The delivery of uncollected accounts receivable; (3) For the amount realized from collection of and payments on accounts receivable; and (4) Restraining the defendant from claiming the $625.35 which is the subject of the second cause of action, together with interest from April 28, 1950.