**PAUL v. B. M. BEHRENDS BANK.**
No. 6249-A.

United States District Court, Alaska.
First Division, Juneau.
Jan. 8, 1951.

possession, having occurred within 18 days of bankruptcy, when the mortgagor was insolvent and the defendant had reasonable cause to believe him insolvent, constituted a preferential transfer.

With this misconception of the legal problem, it is not surprising that the cases cited are either not in point or no longer authority. The mortgage dealt with in the First National Bank of Burns v. Frasier, 143 Or. 662, 22 P.2d 325, contained an express provision requiring the application of proceeds to the mortgage debt, page 328. In Turner v. Dobson, Or., 127 P.2d 746, and Kenney v. Hurlburt, 88 Or. 688, 172 P. 490, L.R.A.1918E, 652, the mortgages, though invalid, were held perfected under the equitable lien theory by taking possession. Such an act, while it may still be effective against an assignee or mere creditor, is of no avail against a trustee in bankruptcy who has the status of a judgment creditor. The remaining cases cited also are not in point.

Accordingly, the ruling heretofore made as to the validity of the mortgages must be adhered to.

---

Wm. L. Paul, Jr., Juneau, Alaska, for plaintiff.

R. E. Robertson, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Upon re-argument, the defendant contended that its taking possession of the mortgaged property on December 9, 1948, cured any defect in the mortgages under the equitable lien theory. But this argument ignores the fact that this theory, with its doctrine of relation back, was swept away by the so-called perfection test of the Chandler Act, as amended, 11 U.S.C.A. § 96. Therefore, the act of taking possession on December 9, 1948 was of no avail to the defendant, so far as the Trustee is concerned, not only because the indebtedness is admittedly antecedent under the terms of the second mortgage and deemed antecedent under the perfection test so far as the first mortgage is concerned, but also because the act of taking