TERRITORY OF ALASKA ex rel. COM-
MISSIONER OF VETERANS' AF-
FAIRS, Plaintiff,

v.

Eckley K. GUERIN and B. M. Behrends
Bank, Defendants.

No. 7137-A.

District Court, Alaska
First Division, Nome.

April 30, 1956.

J. Gerald Williams, Atty. Gen., and David J. Pree, Asst. Atty. Gen., for plaintiff.

M. E. Monagle (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for defendant B. M. Behrends Bank.

HODGE, District Judge.

This cause was submitted upon a stipulation of facts, the essential points for determination of this controversy being as follows:

On March 19, 1948, the defendant Guerin made and executed to plaintiff his real and chattel mortgage covering all of his interest in a photo shop located at Juneau, including fixtures and stock of goods, to secure payment of a promissory note in the sum of $10,000 with interest thereon. On April 23, 1948 Guerin executed a second chattel mortgage covering the same property except a leasehold interest mentioned in the first mortgage to the defendant B. M. Behrends Bank, to secure payment of a promissory note in the sum of $9,400, with interest thereon, which mortgage was made subject to the mortgage then existing in favor of plaintiff. Both mortgages were properly recorded and filed, and renewal affidavits filed. On or about June 7, 1954, plaintiff took possession of all of the chattels pertaining to said shop by reason of default upon its mortgage; and on September 3, 1954, commenced this action for foreclosure of its mortgage for the balance claimed of $5,600, plus interest. Defendant Bank filed an answer and cross-complaint alleging that plaintiff's mortgage is void as against creditors of the defendant Guerin for the reason that it failed to require the mortgagor, under the terms of the mortgage or otherwise, to apply any part of the proceeds from the sale of the mortgaged stock of goods to the mortgage debt. Plaintiff filed an amended complaint alleging that the defendant Bank is estopped to deny the validity of plaintiff's mortgage and that any defect that may have existed in plaintiff's mortgage was cured by plaintiff taking possession of the mortgaged property with the consent of the defendant Bank. The property covered by the mortgage was sold by stipulation of counsel under order of Court and the proceeds from said sale have been deposited in the registry of the court, subject to the determination of the priority of the lien claims of the two mortgagees. The issues thus presented have been exhaustively briefed by counsel for both parties which is exceedingly helpful in the determination of such issues.

The mortgage executed in favor of plaintiff contains no restrictions upon the sale of the stock of goods nor any provision that the proceeds from the sale of such stock in the ordinary course of trade shall be applied in reduction of the mortgage debt. The mortgage of the Bank does contain a provision with respect to the stock of goods by which the mortgagor agreed that he would not sell any of such goods except in the ordinary course of business without first securing the mortgagee's written consent, and that he would at the end of each calendar quarter for as long as the indebtedness remained unpaid, render an accounting to the mortgagee of all of said property sold and of all after-acquired property; but there was likewise no provision in the mortgage that the proceeds from the sale of any such stock in trade should be applied in whole or in part in reduction of the mortgage debt.

It is plain that both mortgages are void as to creditors for failure to provide that any part of the proceeds from the sales of the mortgaged prop-

erty be applied to the mortgage debt, unless such defect in plaintiff's mortgage has been cured by taking possession of the mortgaged property. Paul v. B. M. Behrends Bank, D.C., 94 F.Supp. 249, 13 Alaska 117; In re Minkove, 6 Alaska 68; Courtnay v. Brenneman, 6 Alaska 233; Schwabacher Bros. Co. v. Palmer, 4 Alaska 75.

■ In this connection the provision for accounting in the Bank's mortgage is not enough. As was stated by Judge Folta in the Paul case, 94 F.Supp. at page 250, 13 Alaska at page 121.

"The failure to require under the terms of the mortgage or otherwise the application of any part of the proceeds from the sales of the mortgaged property to the mortgage debt amounts to a reservation of dominion over the mortgaged property by the mortgagor which is inconsistent with the effective disposition of title by, and the creation of the lien in favor of, the mortgagee and which conclusively imputes fraud."

■ Upon the question of whether or not any such defect in plaintiff's mortgage was cured upon its taking possession of the mortgaged property under the doctrine of equitable lien, there appears some conflict of authority. 10 Am. Jur., Chattel Mortgages, 828, Sec. 170; 14 C.J.S., Chattel Mortgages, § 213, p. 815.

The rule adopted by the Supreme Court of Oregon and by the Circuit Court of Appeals for the Ninth Circuit seems, however, conclusive in this jurisdiction. In the case of Turner v. Dobson, 169 Or. 362, 127 P.2d 746, it is held that the lien of a chattel mortgage executed in good faith on a fluctuating stock of goods is perfected when the mortgagee takes possession of the property to foreclose his mortgage, notwithstanding that before he took possession the mortgage was invalid as to creditors, as it was valid between the parties, and could not be challenged by creditors of the mortgagor who failed to assert their claims by attachment or seizure before the mortgagee took possession. See also Kenney v. Hurlburt, 88 Or. 688, 172 P. 490, L.R.A.1918E, 652; First National Bank of Burns v. Frazier, 143 Or. 662, 19 P.2d 1091, 22 P.2d 325.

In the case of Patnott v. Simpson & Co., 9 Cir., 35 F.2d 840, the Circuit Court of Appeals for this Circuit upheld a decision of the Supreme Court of Idaho to the same effect where there was no actual fraud or intent to defraud creditors, affirming a decree in bankruptcy, In re Simpson, D.C., 31 F.2d 317.

This principle was likewise applied by Judge Lyons in the case of Schwabacher Bros. Co. v. Palmer, supra, 4 Alaska at pages 83–88; and was recognized by Judge Folta upon rehearing of the case of Paul v. B. M. Behrends Bank, D.C., 94 F.Supp. 249, 13 Alaska 164, 166, as effective against a mere creditor, although of no avail against a trustee in bankruptcy who has the status of a judgment creditor, citing Turner v. Dobson and Kenney v. Hurlburt, supra.

In this case there is no indication of any such actual fraudulent intent on the part of plaintiff to defraud any creditor. In fact the record shows that the plaintiff's loan had been reduced from $10,000 to a balance of $5,600 at the time of commencement of the foreclosure suit, clearly indicating that the proceeds of sales of the stock of goods of the mortgagor were actually applied in satisfaction of the debt; whereas it is also apparent that the Bank made no effort to enforce the provisions of its mortgage, for the reason that nothing appears to have been paid on account of principal of the loan.

Defendant Bank argues that this rule cannot apply to it as it is a secured creditor and hence its lien had likewise attached to the property. This contention cannot be sustained in view of the fact that the lien of its mortgage is invalid as against the plaintiff. The Bank must then be treated as a general creditor as against the claim of the plaintiff who has perfected its lien by taking possession.

■ Moreover, even if this were not so, I find that the Bank is estopped from

denying the validity of plaintiff's mortgage, by the express terms of its own mortgage. It is argued that the Bank did not agree that plaintiff's mortgage should be prior to its mortgage or recognize that its mortgage was subordinate thereto. The mortgage, however, contains the following language:

(In describing the property covered by it) "and also including but not limited to all of that personal property mentioned in and the subject of that certain chattel mortgage made on March 19, 1948, by the mortgagor to the Office of the Commissioner of Veterans' Affairs."

(With reference to prior liens) "it is subject to the prior lien of the mortgagor's aforesaid mortgage of March 19, 1948, to the Office of the Commissioner of Veterans' Affairs."

A mortgagee of chattels is estopped to attack the validity of a prior mortgage if the mortgage which he holds expressly recites that it is subject to the prior mortgage. 59 C.J.S., Mortgages, § 284, p. 355; Moffatt v. Fouts, 99 Kan. 118, 160 P. 1137; Nichols v. Jackson County Bank, 136 Or. 302, 298 P. 908, 911; Wells, Fargo & Co. v. Alturas Commercial Co., 6 Idaho 506, 56 P. 165; Smith-McCord Dry Goods Co. v. John B. Farwell Co., 6 Okl. 318, 50 P. 149; Burnham v. Citizens' Bank, 55 Kan. 545, 40 P. 912; Wisconsin Valley Trust Co. v. Hotel Wausau Co., 214 Wis. 73, 251 N.W. 218; Reconstruction Finance Corp. v. Sun Lumber Co., 4 Cir., 126 F.2d 731.

■ Defendant cites authorities to the effect that there can be no estoppel of the Bank to deny the validity of the plaintiff's mortgage in the absence of any misrepresentation of any kind as to the priority of plaintiff's mortgage or a false representation or concealment of material facts, upon which the party claiming an estoppel must have relied to his detriment. This is the rule as to an equitable estoppel or an estoppel in pais, which is clearly distinguishable from an estoppel by deed arising here. 31 C.J.S., Estoppel, § 10, pp. 195, 196. The latter precludes a party from denying the truth of his deed, including recitals in mortgages, intended as admissions of fact, or as to prior encumbrances, and does not require the elements of an estoppel in pais. Id., §§ 10, 19, 37, 39. This distinction is made in the case of James v. Nelson, 9 Cir., 90 F.2d 910, 917.

■ Defendant also submits authorities to the effect that a junior mortgagee may attack a senior mortgage thus bettering his own position with reference to the mortgaged property; but this principle has no application where there is an estoppel by the language of his own instrument. Likewise defendant submits authorities indicating no estoppel if the mortgage is taken simply "subject to a prior mortgage" or "subject to encumbrances" generally, where there is no notice of the particular mortgage assented to, which decisions are not applicable here.

For the reasons assigned the lien of the plaintiff's mortgage is found to be prior and superior to the claim of the defendant Bank. Judgment may be entered herein ordering that the proceeds of the sale in the registry of the court be applied to the satisfaction of the claim of plaintiff with interest, costs, and attorney's fee in accordance with Rule 45 of the District Court Rules.